**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **March 27, 2025**

LOCATION OF HEARING SESSION:   Charles R. Jonas Federal Building
                                                       Special Proceedings Courtroom
                                                       401 West Trade Street
                                                       Charlotte, North Carolina 28202


TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 3, 2025.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*James V. Ingold*
James V. Ingold
Clerk of the Panel

cc:  Clerk, United States District for the Western District of North Carolina

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 27, 2025, the Panel will convene a hearing session in Charlotte, North Carolina, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
March 27, 2025 −− Charlotte, North Carolina

# SECTION A
# MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3142 − **IN RE: FCA US LLC "LETTER 311" LABOR CONTRACT LITIGATION**

   Motion of plaintiff FCA US LLC to transfer the following actions to the United States District Court for the Eastern District of Michigan:

      District of Arizona

   FCA US LLC v. INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ET AL., C.A. No. 3:24−08187

      Central District of California

   FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 2:25−00733

      District of Colorado

   FCA US LLC v. INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), THE, ET AL., C.A. No. 1:24−02782

      Northern District of Georgia

   FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 1:24−04562

      Northern District of Illinois

   FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ET AL., C.A. No. 1:24−09574

Southern District of Indiana

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 1:24−01755

Eastern District of Michigan

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 2:24−12632

District of Minnesota

FCA US LLC v. INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, THE, ET AL., C.A. No. 0:24−04041

Northern District of Ohio

FCA US LLC v. INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 3:24−01728

District of Oregon

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ET AL., C.A. No. 3:24−01698

Northern District of Texas

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, C.A. No. 3:24−02506

MDL No. 3143 − **IN RE: OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION**

Motion of defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC, to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

TREMBLAY, ET AL. v. OPENAI, INC., ET AL., C.A. No. 3:23−03223
SILVERMAN, ET AL. v. OPENAI, INC., ET AL., C.A. No. 3:23−03416
CHABON, ET AL. v. OPENAI, INC., ET AL., C.A. No. 3:23−04625
MILLETTE v. OPENAI, INC., ET AL., C.A. No. 5:24−04710

Southern District of New York

AUTHORS GUILD, ET AL. v. OPENAI, INC., ET AL., C.A. No. 1:23−08292
ALTER, ET AL. v. OPENAI, INC., ET AL., C.A. No. 1:23−10211
THE NEW YORK TIMES COMPANY v. MICROSOFT CORPORATION, ET AL.,
    C.A. No. 1:23−11195
BASBANES, ET AL. v. MICROSOFT CORPORATION, ET AL., C.A. No. 1:24−00084
RAW STORY MEDIA, INC., ET AL. v. OPENAI, INC., ET AL., C.A No. 1:24−01514
THE INTERCEPT MEDIA, INC. v. OPENAI, INC., ET AL., C.A. No. 1:24−01515
DAILY NEWS LP, ET AL. v. MICROSOFT CORPORATION, ET AL.,
    C.A. No. 1:24−03285
THE CENTER FOR INVESTIGATIVE REPORTING, INC. v. OPENAI, INC., ET AL.,
    C.A. No. 1:24−04872

MDL No. 3144 − **IN RE: TIKTOK, INC., MINOR PRIVACY LITIGATION**

Motion of plaintiff Nick McKissick to transfer the following actions to the United States District Court for the Northern District of California:

Central District of California

A.A., ET AL. v. BYTEDANCE, INC., ET AL., C.A. No. 2:24−06784
JODY VILLANUEVA, ET AL. v. BYTEDANCE, INC., ET AL., C.A. No. 2:24−07922

Northern District of California

MCKISSICK, ON BEHALF OF A.M. v. BYTEDANCE, INC., ET AL., C.A. No. 3:24−08051

Northern District of Florida

HUMBERT, ET AL. v. BYTEDANCE, INC., ET AL., C.A. No. 5:24−00236

Western District of Missouri

MIDDLETON v. TIKTOK, INC., ET AL., C.A. No. 4:24−00742

District of New Jersey

LANSER v. BYTEDANCE, INC., ET AL., C.A. No. 2:24−10818

MDL No. 3145 − **IN RE: AXON ENTERPRISE, INC., BODY-WORN CAMERA AND DIGITAL EVIDENCE MANAGEMENT SYSTEMS ANTITRUST LITIGATION**

Motion of plaintiff GovernmentGPT, Inc. to transfer the following actions to the United States District Court for the District of New Jersey:

District of Arizona

GOVERNMENTGPT INCORPORATED, ET AL. v. AXON ENTERPRISE
    INCORPORATED, ET AL., C.A. No. 2:24−01869

District of New Jersey

TOWNSHIP OF HOWELL, MONMOUTH COUNTY, NEW JERSEY v. AXON
    ENTERPRISE, INC., ET AL., C.A. No. 3:23−07182

MDL No. 3146 − **IN RE: MARY AND DEVI NAMPIAPARAMPIL LITIGATION**

   Motion of plaintiffs Mary Nampiaparampil and Devi Nampiaparampil to transfer the following actions to the United States District Court for the District of Columbia:

Eastern District of New York

NAMPIAPARAMPIL v. THE NYC DEPARTMENT OF SANITATION ENFORCEMENT
    DIVISION, ET AL., C.A. No. 1:24−05605

Southern District of New York

NAMPIAPARAMPIL v. THE NEW YORK CITY CAMPAIGN FINANCE BOARD, ET AL.,
    C.A. No. 1:23−06391

MDL No. 3147 − **IN RE: POINTWISE VENTURES, LLC ('812) PATENT LITIGATION**

   Motion of defendant Wayfair LLC to transfer the following actions to a single United States district court:

Eastern District of Texas

POINTWISE VENTURES LLC v. ALIBABA GROUP HOLDING LIMITED,
    C.A. No. 2:24−00182
POINTWISE VENTURES LLC v. BLIPPAR LTD., C.A. No. 2:24−00183
POINTWISE VENTURES LLC v. GLORITY GLOBAL GROUP LIMITED,
    C.A. No. 2:24−00187
POINTWISE VENTURES LLC v. IKEA NORTH AMERICA SERVICES, LLC,
    C.A. No. 2:24−00188
POINTWISE VENTURES LLC v. ROADGET BUSINESS PTE. LTD., C.A. No. 2:24−00189
POINTWISE VENTURES LLC v. LOWE'S COMPANIES, INC., C.A. No. 2:24−00808
POINTWISE VENTURES LLC v. YOOX−NET−A−PORTER GROUP S.P.A.,
    C.A. No. 2:24−00809
POINTWISE VENTURES LLC v. ASOS.COM LIMITED, C.A. No. 2:24−00810
POINTWISE VENTURES LLC v. WAYFAIR INC., C.A. No. 2:24−00811
POINTWISE VENTURES LLC v. PENNEY OPCO LLC, C.A. No. 2:24−00813
POINTWISE VENTURES LLC v. MACY'S INC., C.A. No. 2:24−00814

Western District of Texas

POINTWISE VENTURES LLC v. GOOGLE LLC, C.A. No. 6:24−00293

MDL No. 3148 − **IN RE: GOODRX AND PHARMACY BENEFIT MANAGER ANTITRUST LITIGATION (NO. II)**

Motion of plaintiff Grey Dog IV d/b/a Ethos Wellness/Pharmacy to transfer the following actions to the United States District Court for the District of Rhode Island:

<u>Central District of California</u>

KEAVENY DRUG, INC. v. GOODRX, INC., ET AL., C.A. No. 2:24−09379
COMMUNITY CARE PHARMACY, LLC v. GOODRX, INC., ET AL.,
  C.A. No. 2:24−09490
GREY DOG IV v. GOODRX, INC., ET AL., C.A. No. 2:24−09858
MINNESOTA INDEPENDENT PHARMACISTS v. GOODRX, INC., ET AL.,
  C.A. No. 2:24−10297
ESCO DRUG CO. v. GOODRX, INC., ET AL., C.A. No. 2:24−10543
CAAS, LLC v. GOODRX, INC., ET AL., C.A. No. 2:24−10899
PHILADELPHIA ASSOCIATION OF RETAIL DRUGGISTS, ET AL. v. GOODRX, INC.,
  ET AL., C.A. No. 2:24−11023
C&H PHARMACY, INC., ET AL. v. GOODRX HOLDINGS, INC., ET AL.,
  C.A. No. 2:25−00082

<u>District of Connecticut</u>

WESTON PILLBOX, INC. v. GOODRX, INC., ET AL., C.A. No. 3:25−00063

<u>Eastern District of New York</u>

PRESSMAN, INC. v. GOODRX, INC., ET AL., C.A. No. 1:25−00115

<u>District of Rhode Island</u>

BUENO PHARMACY LLC v. GOODRX, INC., ET AL., C.A. No. 1:24−00537
SDDDC LLC v. GOODRX, INC., ET AL., C.A. No. 1:24−00550
LAKHANI RX, INC. v. GOODRX, INC., ET AL., C.A. No. 1:25−00003

MDL No. 3149 − **IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs J.I., A.J., O.S. by and through her Next Friend M.S. to transfer the following actions to the United States District Court for the Western District of Missouri:

<u>Eastern District of California</u>

SHEILAH BUACK−SHELTON, ET AL. v. POWERSCHOOL HOLDINGS, INC.,
  C.A. No. 2:25−00093
BAKER v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00096
KINNEY v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00098
VARGHA v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00110
F.C. v. POWERSCHOOL GROUP LLC, ET AL., C.A. No. 2:25−00136
GILES v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00139
STRELZIN v. POWERSCHOOL GROUP, LLC, ET AL., C.A. No. 2:25−00140

A.A. v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00141
E.H. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00152
PETTINGER, ET AL. v. POWERSCHOOL GROUP LLC, ET AL., C.A. No. 2:25−00159
MARTINEZ−TURNBOW v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00165
CROCKRAN v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00171
HABBAL, ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00173
MAYFEILD v. POWERSCHOOL GROUP, LLC, ET AL., C.A. No. 2:25−00203
AREDE v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00204
GRIFFIN v. POWERSCHOOL GROUP LLC, C.A. No. 2:25−00206
WHITE v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00207
GRECI, ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00208
LA COUNT, ET AL. v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00209
KEIGLEY v. POWERSCHOOL GROUP LLC, ET AL., C.A. No. 2:25−00210
CHAMPNEY, ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00211
SCHWARTZ v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00230
OKONI v. POWERSCHOOL GROUP, LLC, ET AL., C.A. No. 2:25−00231
FLICK, ET AL. v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00232
FAIRCLOTH v. POWERSCHOOL GROUP LLC, ET AL., C.A. No. 2:25−00252
BROWN, ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00256
ZARIF v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00259
GRAMELSPACHER v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00271
CAMPBELL v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 2:25−00310

Western District of Missouri

J.I., ET AL. v. POWERSCHOOL, C.A. No. 2:25−04006
KRUTSINGER v. POWERSCHOOL HOLDINGS, INC., ET AL., C.A. No. 4:25−00057

Eastern District of New York

J.B., ET AL. v. POWERSCHOOL HOLDINGS, INC., C.A. No. 2:25−00327

MDL No. 3150 − **IN RE: THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS SEXUAL ABUSE LITIGATION**

Motion of plaintiffs Stephanie Thomas and Jane Doe to transfer the following actions to the United States District Court for the Central District of California or, in the alternative, the United States District Court for the Northern District of California:

Central District of California

JANE ROE JC 7 v. CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
    C.A. No. 2:24−08672
JOHN ROE JJ 93 v. DOE 1, ET AL., C.A. No. 2:24−09335
JANE ROE LM 89 v. DOE 1, ET AL., C.A. No. 2:24−09350
JANE ROE MB 87 v. DOE 1, A CORPORATION, ET AL., C.A. No. 2:24−09361
JOHN ROE EB 67 v. DOE 1, ET AL., C.A. No. 2:24−09516
ROE PD 58 v. DOE 1, ET AL., C.A. No. 2:24−09543
ROE AD 30 v. DOE 1, ET AL., C.A. No. 2:24−10442
JOHN ROE AS 32 v. DOE 1, ET AL., C.A. No. 2:24−10483
JOHN ROE CS 88 v. DOE 1, A CORPORATION, ET AL., C.A. No. 2:24−11154

JANE ROE AA 102 v. DOE 1, ET AL., C.A. No. 2:25−00403
JANE ROE SL 48 v. DOE 1, ET AL., C.A. No. 2:25−00436
DANIEL CAREY v. THE CHURCH OF THE LATTER−DAY SAINTS, ET AL.,
　　C.A. No. 2:25−00703
JANE DOE, ET AL. v. DOE 1, ET AL., C.A. No. 2:25−00711
JANE DOE v. DOE 1, ET AL., C.A. No. 2:25−00713
THOMAS v. DOE 1, ET AL., C.A. No. 2:25−00834
JANE ROE RL 8 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
　　ET AL., C.A. No. 5:24−02149
ROE JW 142 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
　　ET AL., C.A. No. 5:24−02150
JANE ROE EO 5 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
　　ET AL., C.A. No. 5:24−02151
JANE ROE RC 23 v. DOE 1, ET AL., C.A. No. 5:24−02383
JOHN ROE DR 63 v. DOE 1, ET AL., C.A. No. 5:24−02509
JOHN ROE DG 59 v. DOE 1, ET AL., C.A. No. 5:24−02559
JOHN ROE NR 52 v. DOE 1, ET AL., C.A. No. 5:24−02560
JANE ROE CP 76 v. DOE 1, ET AL., C.A. No. 5:24−02583
JANE ROE MB 69 v. DOE 1, ET AL., C.A. No. 8:24−02395
JANE ROE LB 61 v. DOE 1, ET AL., C.A. No. 8:24−02406
JOHN ROE WC 36 v. DOE 1, ET AL., C.A. No. 8:24−02410

　　Eastern District of California

JANE ROE TT 80 v. DOE 1, ET AL., C.A. No. 1:25−00007
JAMES v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
　　C.A. No. 1:25−00118
JOHN ROE AJ 1 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS,
　　ET AL., C.A. No. 2:24−02990
JOHN ROE PS 43 v. DOE 1, ET AL., C.A. No. 2:24−03084
ROE AB 51 v. DOE 1, ET AL., C.A. No. 2:24−03488

　　Northern District of California

JANE ROE HM 95 v. DOE 1, ET AL., C.A. No. 3:24−07656
JOHN ROE DJ 40 v. DOE 1, ET AL., C.A. No. 3:24−09218
JANE ROE JT 34 v. DOE 1, ET AL., C.A. No. 4:24−07632
ROE SR 3 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS
　　ET AL., C.A. No. 5:24−07119
ROE DC 90 v. DOE 1, ET AL., C.A. No. 5:24−07613

　　Southern District of California

ROE RV 47 v. DOE 1, ET AL., C.A. No. 3:24−02347
ROE JB 65 v. DOE 1, ET AL., C.A. No. 3:24−02349
ROE JS 6 v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS, ET AL.,
　　C.A. No. 3:24−02407

　　Northern District of Illinois

PETERSON v. THE CHURCH OF THE LATTER−DAY SAINTS, ET AL.,
　　C.A. No. 1:25−00947

<ins>Western District of Louisiana</ins>

AVERY v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS, ET AL., C.A. No. 2:24−01516

<ins>District of Nevada</ins>

ZIMMERMAN v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS, ET AL., C.A. No. 2:25−00206

<ins>Northern District of New York</ins>

KITLER, ET AL. v. THE CHURCH OF JESUS CHRIST OF LATTER−DAY SAINTS, ET AL., C.A. No. 1:24−01071

<ins>Western District of Washington</ins>

BUSSEY v. THE CHURCH OF THE LATTER−DAY SAINTS, ET AL., C.A. No. 2:25−00197

MDL No. 3151 − **IN RE: LENS.COM MARKETING AND SALES PRACTICES LITIGATION**

Motion of defendant Lens.com to transfer the following actions to the United States District Court for the District of Nevada:

<ins>Southern District of Florida</ins>

MARTIN v. LENS.COM, INC., C.A. No. 0:24−60489

<ins>District of Massachusetts</ins>

GONNEVILLE v. LENS.COM, INC., C.A. No. 1:24−11110

<ins>District of Nevada</ins>

FRANKS v. LENS.COM, INC., C.A. No. 2:24−00724
ADAM NAIL v. LENS.COM, INC., C.A. No. 2:24−01149
MARTIN v. LENS.COM, INC., C.A. No. 2:24−02160
FITZPATRICK, ET AL. v. LENS.COM, INC., C.A. No. 2:24−02203

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

  Motions of defendant 3M Company to transfer the following actions to the United States District Court for the District of South Carolina:

  Northern District of Alabama

  SHELBY COUNTY, ALABAMA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:25−00112

  Central District of Illinois

  CASSADAY v. 3M COMPANY, C.A. No. 4:24−04173
  DEUFEL v. 3M COMPANY, C.A. No. 4:24−04174

  Northern District of Illinois

  NOLAND v. ENERGIZER AUTO MANUFACTURING, INC., ET AL.,
    C.A. No. 1:23−16598

  District of New Jersey

  DUPPER v. SOLVAY SPECIALTY POLYMERS, USA, LLC, ET AL., C.A. No. 1:24−10533

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

  Oppositions of third party plaintiffs Ace Property and Casualty Insurance Company, Westchester Fire Insurance Company, and Westchester Surplus Lines Insurance Company; defendant/third party plaintiff Federal Insurance Company; and plaintiffs/third party defendants Hartford Casualty Insurance Company and Sentinel Insurance Company, Ltd., to transfer of the following action to the United States District Court for the Northern District of California:

  District of Delaware

    HARTFORD CASUALTY INSURANCE COMPANY, ET AL. v. INSTAGRAM, LLC,
      ET AL., C.A. No. 1:24−01422

MDL No. 3080 − **IN RE: INSULIN PRICING LITIGATION**

  Opposition of plaintiff Government of Puerto Rico to transfer of the following action to the United States District Court for the District of New Jersey:

  District of Puerto Rico

    GOVERNMENT OF PUERTO RICO, ET AL. v. ELI LILLY AND COMPANY, ET AL.,
      C.A. No. 3:23−01127

MDL No. 3114 − **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of plaintiffs Adam Spring and Claims Holding Group, LLC, to transfer of their respective actions to the United States District Court for the Northern District of Texas with simultaneous separation and remand of certain claims to the transferor court, and motion of plaintiffs Elroy Phillips and Sixtoria Phillips for remand, pursuant to 28 U.S.C. § 1407(a), of the *Phillips* action to the United States District Court for the Southern District of Florida:

Southern District of Florida

SPRING v. AT&T MOBILITY LLC, C.A. No. 1:24−24061
CLAIMS HOLDING GROUP, LLC v. AT&T MOBILITY LLC, C.A. No. 1:24−24065
PHILLIPS, ET AL. v. AT&T MOBILITY LLC, ET AL., C.A. No. 9:24−80700

MDL No. 3126 − **IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**

Opposition of plaintiff Aisha Wright to transfer of the following action to the United States District Court for the District of Montana:

Southern District of Texas

WRIGHT v. AT&T, C.A. No. 4:24−03703

MDL No. 3128 − **IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH THIRD BANK SALES AND LENDING PRACTICES LITIGATION**

Opposition of defendant ADT Solar, LLC to transfer of the following action to the United States District Court for the District of Minnesota:

Northern District of Texas

SNIDER v. DIVIDEND SOLAR FINANCE, LLC, ET AL., C.A. No. 4:24−01151

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.