BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3149 |

**PLAINTIFF ALYSSA KRUTSINGER'S INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Plaintiff Alyssa Krutsinger in *Krutsinger v. PowerSchool Holdings, Inc.*, No. 4:25-cv-000057-DGK (W.D. Mo.), submits this interested party response in support of the Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings Under 28 U.S.C. § 1407 filed by Plaintiffs J.I., A.J., and O.S. by and through her Next Friend M.S. The motion seeks to centralize over 30 putative class actions brought against PowerSchool Group, LLC and PowerSchool Holdings, Inc. (together, PowerSchool) following a recent data breach, along with any later-filed related cases, in the Western District of Missouri.

Centralization is warranted here, and the Western District of Missouri is the most appropriate forum for this litigation. The district has the capacity and judicial resources necessary to manage a large MDL efficiently, and it has extensive experience overseeing complex litigation, including data breach MDLs. The district also provides a geographically central and accessible venue for this nationwide litigation. The Panel should therefore grant the transfer motion and centralize this litigation in the Western District of Missouri.

**I.     BACKGROUND**

This litigation stems from a massive data breach that compromised the personal information of millions of students, teachers, and their families. In January 2025, PowerSchool, a leading education software provider, announced that hackers had infiltrated its systems and exfiltrated highly sensitive data from school districts across the country. The hackers stated in an extortion demand that they stole the personal information of 62.4 million students and 9.5 million teachers, making this one of the largest data breaches ever reported in the education sector.

Currently, 40 actions against PowerSchool are pending in four federal districts. The transfer motion initially identified 32 actions—two in the Western District of Missouri, one in the Eastern District of New York, and the remaining in the Eastern District of California. *See* ECF No. 2-1 at 2. Since then, the Panel has been notified of 8 additional related cases, with one in the Northern District of Illinois and the rest in the Eastern District of California. *See* ECF Nos. 20, 28, 29, 30, 43, 47, 57. These actions all assert similar claims on behalf of overlapping putative classes, and they all remain in the early stages of litigation.

**II.    ARGUMENT**

    **A.     Centralization is warranted.**

Centralization is appropriate here because (1) the actions involve "one or more common questions of fact," (2) transfer will serve "the convenience of [the] parties and witnesses," and (3) transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This Panel consistently centralizes data breach cases, recognizing that they "share common and complex factual questions." *In re Fotra Transfer Software Data Sec. Breach Litig.*, 2024 WL 436478, at *1 (J.P.M.L. Feb. 5, 2024); *see also, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 600 F. Supp. 3d 1402 (J.P.M.L. 2023); *In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 677 F. Supp. 3d 1366 (J.P.M.L. 2023); *In re AT&T Inc. Cellular Customer Data Sec. Breach*

*Litig.*, 2024 WL 4429233 (J.P.M.L. Oct. 4, 2024); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372 (J.P.M.L. 2019). This litigation is no exception. The numerous pending actions all arise from the same data security incident, share common factual allegations, and assert similar theories of liability on behalf of overlapping putative classes. Centralization in a single judicial district is necessary to avoid duplicative discovery, ensure consistent rulings, and conserve judicial and party resources.

      **B.**      **The Western District of Missouri is the most appropriate transferee forum.**

The Western District of Missouri is best suited to oversee this litigation. To select a transferee district, the Panel relies on no single factor but considers "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." Manuel for Complex Litigation, Fourth § 20.131 (2004). These pragmatic factors strongly support centralization in the Western District of Missouri—an accessible forum with the capacity, judicial resources, experience, and expertise needed to manage this nationwide litigation. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1369–70 (J.P.M.L. Apr. 3, 2019) (assigning nationwide litigation to a transferee district that had the necessary judicial resources and expertise to manage large MDLs).

      **1.**      **The Western District of Missouri has the capacity and judicial resources needed to manage this complex litigation efficiently.**

The Western District of Missouri stands out as the district most equipped to manage this complex litigation. Although most actions were filed in the Eastern District of California, where PowerSchool is headquartered, that district remains "one of the most overburdened judicial districts in the entire country." *United States v. Zinnel*, 2019 WL 4054845, at *4 (E.D. Cal. Apr. 26, 2019). Indeed, it carries one of the heaviest caseloads in the nation and suffers from a severe

judge shortage, with six judges handling around 1,300 cases each.[1] The median time from filing to trial is a staggering 65.5 months—more than five years.[2] Adding a large MDL to a district already overworked and understaffed would only exacerbate delays, making the Eastern District of California particularly ill-suited to oversee this complex litigation.[3] *See United States v. Hemdan*, 2025 WL 417979, at *1 (E.D. Cal. Feb. 6, 2025) (noting the district's "heavy burden of cases" and "the delay it causes in resolving pending matters").

The Eastern District of New York and the Northern District of Illinois, each with one related action pending, do not fare much better. Judges in both districts manage more than 900 cases each, and the median time from filing to trial exceeds 50 months.[4] The Northern District of Illinois also has 11 MDLs on its docket, further stretching its judicial resources.[5]

By contrast, the Western District of Missouri, where two actions are pending, has the capacity and judicial resources necessary to manage this litigation efficiently. Its six judges each oversee an average of only 413 cases—less than one-third the caseload of their Eastern District of California counterparts and less than half that of judges in the Eastern District of New York and

---

[1] *See U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics*, U.S. Cts. (Sept. 30, 2024), https://www.uscourts.gov/sites/default/files/2024-12/fcms_na_dist profile0930.2024.pdf [hereinafter *Federal Court Management Statistics*].

[2] *Id.*; *see also* Letter from the Judges of the E. Dist. of Cal. to the Members of the Senate & House of Representatives within the E. Dist. of Cal. 2 (June 19, 2018), http://www.caed.uscourts.gov/caednew/assets/File/Judgeship%20Letter%20June%202018.pdf ("It is not debatable that the resources of [the Eastern District of California] have been deficient for three decades.").

[3] In opposition to the transfer motion, interested party Shandrelle Okoni alternatively suggests centralization in "another [federal] district court in California." ECF No. 13 at 11. But no related action is pending in any other California federal district court. And aside from noting that PowerSchool is headquartered in the state, Okoni offers no reason why another California district court with no relationship to this litigation is better suited to manage it than the Western District of Missouri.

[4] *Federal Court Management Statistics*, *supra* note 1.

[5] *See Multi District Litigation*, U.S. Dist. Ct. for the N. Dist. of Ill., https://www.ilnd.uscourts.gov/mdl.aspx (last visited Feb. 19, 2025).

Northern District of Illinois.[6] Cases also move significantly faster in the Western District of Missouri: the median time from filing to trial is just 25.6 months.[7] Docket conditions thus favor the Western District of Missouri. *See In re Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1336 (J.P.M.L. 2012) (selecting transferee district based in part on "favorable caseload conditions").

### 2. The Western District of Missouri has the experience and expertise needed to manage this nationwide litigation effectively.

The Western District of Missouri also has extensive experience managing complex litigation, including data breach MDLs. For example, Judge Wimes recently presided over *In re T-Mobile Customer Data Security Breach Litigation*, MDL No. 3019 (W.D. Mo.), one of the largest data breach MDLs on record. That litigation resolved in less than a year and, following a recent appeal, is approaching its conclusion.[8] Judge Wimes also oversees *In re T-Mobile 2022 Customer Data Security Breach Litigation*, MDL No. 3073 (W.D. Mo.). In assigning this second T-Mobile data breach MDL to Judge Wimes, the Panel specifically noted that he "ably steered" the first. *In re T-Mobile 2022*, 677 F. Supp. 3d at 1367. These recent back-to-back assignments reflect the Panel's confidence in the Western District of Missouri's ability to manage complex data breach MDLs efficiently.

The Eastern District of California lacks comparable MDL experience. Likely due to its backlog and resource constraints, the district has not overseen an MDL in well over a decade. And the last MDL assigned to the district, *In re Payless ShoeSource, Inc. California Song-Beverly Credit Card Act Litigation*, MDL No. 2022 (E.D. Cal.), involved only two relatively straightforward actions asserting violations of the California Song-Beverly Credit Card Act. In

---

[6] *Federal Court Management Statistics*, *supra* note 1.
[7] *Id.*
[8] *See In re T-Mobile Customer Data Sec. Breach Litig.*, 4:21-md-03019-BCW (W.D. Mo.).

fact, the Panel later observed that cases like those in *Payless ShoeSource* "can proceed just as efficiently without centralization." *In re Best Buy Co., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1379 (J.P.M.L. 2011).

In short, the Western District of Missouri is uniquely positioned to handle this nationwide litigation, with a proven track record of efficiently overseeing complex litigation, including data breach MDLs.

### 3. The Western District of Missouri is centrally located and easily accessible.

Finally, as the Panel has previously explained, "[t]he Western District of Missouri presents a geographically central and accessible venue for this nationwide litigation." *In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373, 1375 (J.P.M.L. 2021). Thus, transferring these actions to the Western District of Missouri will minimize the inconvenience of litigation in an out-of-town venue on the parties, witnesses, and counsel.

## III. CONCLUSION

For these reasons, the Western District of Missouri is the most appropriate forum for this litigation. The Panel should therefore grant the transfer motion and centralize these actions in the Western District of Missouri.

Dated: February 19, 2025

                                      Respectfully submitted,

By: /s/ *Norman E. Siegel*
Norman E. Siegel (Missouri Bar No. 44378)
J. Austin Moore (Missouri Bar No. 64040)
Brandi S. Spates (Missouri Bar No. 72144)

**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com
moore@stuevesiegel.com
spates@stuevesiegel.com

*Counsel for Plaintiff Alyssa Krutsinger*