BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re:

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, ) | MDL No.  3149 |
| INC., AND POWERSCHOOL GROUP, ) | |
| LLC CUSTOMER DATA SECURITY   ) | |
| BREACH LITIGATION                        ) | |

INTERESTED PARTY RESPONSE BY PLAINTIFF DANIEL BEHAR
CALZADO AND PLAINTIFF KIMBERLY WIRTES, ON BEHALF OF HERSELF
AND A.W. AND T.W., HER MINOR CHILDREN, TO MOTION TO TRANSFER
AND CONSOLIDATE FOR COORDINATED PANEL PROCEEDINGS UNDER
<u>28 U.S.C. § 1407</u>

Undersigned counsel, on behalf of Plaintiff Daniel Behar Calzado and Plaintiff Kimberly Wirtes, on behalf of herself and A.W. and T.W., her minor children ("Plaintiffs"), pursuant to Rules 6.2(e) of the Rules of Procedure of the United States Panel on Multidistrict Litigation ("JPML"), submit the following Interested Party Response[1] to the Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings under 28 U.S.C. § 1407 filed by Plaintiff J.I., A.J., and O.S. by and through her Next Friend M.S. ("Motion to Transfer").

Plaintiffs agree that the matter should be consolidated pursuant to 28 U.S.C. § 1407(a) as there have been cases filed in multiple district courts which contain "common questions of fact" and  consolidation "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."   However, it makes little sense (other than the convenience of Missouri based plaintiffs and attorneys) to have the matter consolidated in the Western District of Missouri, rather than the Eastern District of California, considering that Defendants PowerSchool Group, LLC and PowerSchool Holdings, Inc. ("PowerSchool" or "Defendants") have their principal place of business in the Eastern District of California, that

---

[1] Plaintiffs qualify as interested parties under Rule 6.2 (e) because their action, filed in the Eastern District of California and titled *Daniel Behar Calzado, et. al. v. PowerSchool Group LLC, et al.*, No. 2:25−cv−00498−AC, is a "related action" in this proceeding.  *See*  ECF No. 30.

relevant documents and witnesses will be in that District, and that the vast majority of the cases have been filed in that District.

I. THIS MATTER SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA

The Motion to Transfer cites five factors to be considered in determining the proper transferee court, four of which undeniably favor transfer to the Eastern District of California. Specifically, it notes that cases should be transferred to the district court "(i) where the majority of cases are pending; (ii) where a defendant's headquarters are located; (iii) where relevant documents and witnesses are located; (iv) whether the transferee district is easily accessible to parties and witnesses; and (v) whether the transferee court has the capacity to devote sufficient resources to complex consolidated proceedings." Brief in Support of the Motion to Transfer, p. 6.

With regard to factor (i), the Brief in Support of the Motion to Transfer concedes that "most cases have been filed in the Eastern District of California, where the defendant is headquartered," while only "two cases were filed in the Western District of Missouri." *Id.* It also attached a Schedule of Actions (ECF No. 3), listing a total of 32 causes of action, 29 of which were filed in the Eastern District of California. A recent Response in favor of consolidation in the Western District of Missouri updated these numbers to further support transfer to the Eastern District of California, noting that an additional 8 cases had been subsequently related since the Motion to Transfer was filed, all but one of which were filed in the Eastern District of California.[2] Therefore, of the 40 named related cases, **36** had been filed in the Eastern District of California, versus only **2** in the Western District of Missouri.

Factors (ii), (iii), and (iv) also overwhelmingly favor the Eastern District of California. PowerSchool is headquartered in Folsom, California, which is located in that District, meaning

---

[2] *See* Plaintiff Alyssa Krutsinger's Interested Party Response in Support of Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings Under 28 U.S.C. § 1407, ECF No. 65, p.2.

that relevant documents and witnesses are most likely to be in that District. This also means that the Eastern District of California, which is some 23 miles from PowerSchool's headquarters, is much more easily accessible for parties and witnesses than the Western District of Missouri, which is approximately 1,700 miles away. Furthermore, the airport in Kansas City, Missouri is no more convenient for parties and witnesses than the one in Sacramento.[3] Thus, while Kansas City may be a more convenient location for the small number of plaintiffs and attorneys located there, it is much less convenient for everyone else.

The Motion to Transfer heavily relies on factor (v), claiming the Western District of Missouri's alleged superiority in resources to manage these proceedings. It conveniently ignores the fact that the Western District of Missouri already has four MDLs to manage, while the Eastern District of California has none, potentially allowing it to devote more resources to the matter.[4]

Moreover, allowing this matter to be transferred to the Western District of Missouri, when all of the other factors overwhelmingly favor transfer to the Eastern District of California, would elevate factor (v) in a way that would moot out all of the other factors. Quite simply, it would mean that cases should be transferred to the court which has the alleged greatest capacity to handle the matter, even if everything else dictated a contrary result.

## II. CONCLUSION

Plaintiffs respectfully request that the related PowerSchool actions be consolidated under 28 U.S.C. § 1407 and that they be transferred to the Eastern District of California.

Dated: February 20, 2025                              Respectfully Submitted,

                                                          /s/Joseph N. Kravec, Jr.
                                                           Joseph N. Kravec, Jr.
                                                           (admitted in PA and NY)

---

[3] *See* U.S. Airports, ranked by 2023 Domestic Scheduled Enplanements, U.S. Department of Transportation, Bureau of Transportation Statistics, https://www.bts.gov/topics/airlines-and-airports/airport-rankings-2023 (ranking Sacramento International two spots ahead of Kansas City International).

[4] *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-3-2025.pdf.

**FEINSTEIN DOYLE PAYNE
& KRAVEC, LLC**
Law & Finance Building, Suite 1300
429 Fourth Avenue
Pittsburgh, PA 15219-1639
Tel.: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@fdpklaw.com

*ATTORNEYS FOR PLAINTIFF DANIEL BEHAR CALZADO AND PLAINTIFF KIMBERLY WIRTES, ON BEHALF OF HERSELF AND A.W. and T.W., HER MINOR CHILDREN*