BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 3149 |

**PLAINTIFF TRISTAN KEIGLEY'S INTERESTED PARTY
RESPONSE IN SUPPORT OF TRANSFER AND CONSOLIDATION
FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407**

## I. INTRODUCTION

COMES NOW Interested Party Tristan Keigley (hereinafter "Plaintiff") and respectfully submits this Interested Party Response in Support of Transfer and Consolidation for Coordinated Pretrial Proceedings. Plaintiff joins with the arguments presented by Petitioners J.I., A.J., and O.S. and agrees that transfer and consolidation is proper. However, for the reasons set forth below, Plaintiff respectfully requests that the Panel consolidate and transfer all related actions to the United States District Court for the Northern District of California for coordinated or consolidated proceedings before the Honorable Judge James Donato. Plaintiff proffers that Judge Donato is capable and well-suited to preside over consolidated pretrial proceedings given his experience managing data privacy class action litigation, particularly against PowerSchool.

## II. BACKGROUND

On January 15, 2025, Plaintiff filed suit in the United States District Court for the Eastern District of California against Defendants PowerSchool Group LLC and PowerSchool Holdings, Inc. ("PowerSchool" or "Defendants"). Plaintiff alleges that, as a result of Defendants' failure to implement reasonable and industry standard data security practices to properly secure, safeguard, and adequately destroy Plaintiff's and the proposed Class Members' personally identifiable

information ("PII") and personal health information ("PHI") (collectively, "Sensitive Information") that it acquired and stored as part of its business relationship with school systems throughout the United States and North America, Plaintiff and Class Members' Sensitive Information was targeted, compromised, and unlawfully accessed by cybercriminals. Plaintiff's case is currently pending before the Honorable Judge William B. Shubb. Plaintiff has filed a class action on behalf of both a purported Nationwide Class and a purported Florida Subclass defined as follows:

- **Nationwide Class**: All individuals whose Sensitive Information was accessed without authorization in the Data Breach (the "Class")

- **Florida Subclass**: All Florida residents whose Sensitive Information was accessed without authorization in the Data Breach (the "Class").

### III. ARGUMENT

#### a. Transfer and Consolidation of These Cases Into an MDL is Proper.

Plaintiff joins in the arguments set forth by Petitioners J.I., A.J., and O.S. and agrees that transfer and consolidation of the related cases to a single venue for coordinated and consolidated pretrial proceedings is proper. As set forth fully in Petitioners' Motion transfer and consolidation pursuant to 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of these actions, given that the related actions share common questions of fact and law. Here, each case arises out of a single data breach and asserts similar allegations that Defendants failed to safeguard the Sensitive Information of students and faculty who were impacted. The Panel has consistently found that transfer and consolidation is proper in the context of similar data breach class actions.

### b. Transfer to the Northern District of California before the Honorable Judge James Donato is Most Appropriate.

Should the panel determine that transfer and coordination is warranted under 28 U.S.C. § 1407, Plaintiff submits that transfer to the Northern District of California, before Judge James Donato, would be most appropriate. Judge Donato is an experienced jurist that was appointed to the United States District Court for the Northern District of California in 2014. Judge Donato has the requisite experience and qualifications to manage an MDL and is exceptionally qualified to manage this particular case, given his extensive experience overseeing data privacy and technology related class actions, including litigation against PowerSchool. *See, e.g.*, *Cherkin v. PowerSchool Holdings, Inc.*, 3:24-cv-02706-JD, (N.D. Cal.) (data privacy class action against PowerSchool); *In re: Google Play Store Antitrust Litigation*, MDL No. 2981 (N.D. Cal.) (antitrust class action MDL); *Maximilian Klein et al. v. Facebook Inc.*, No. 5:20-cv-08570 (N.D. Cal.) (consolidated data privacy antitrust class action); *In re: Facebook Biometric Information Privacy Litigation*, No. 3:15-cv-03747 (N.D. Cal.) (biometric privacy class action); *Heeger v. Facebook Inc.*, No. 3:18-cv-06399 (N.D. Cal.) (location data privacy class action); *Frasco v. Flo Health Inc.*, No. 3:21-cv-00757-JD (N.D. Cal.) (consolidated data privacy class action); *In re Tesla Emp. Data Breach Litig.*, No. 23-cv-04550 (N.D. Cal.) (data breach class action); *In re S.F. 49ers Data Breach Litig.*, 3:22-cv-05138 (N.D.Ca.) (data breach class action).

Judge Donato has presided over *Cherkin v. PowerSchool Holdings, Inc.*, 3:24-cv-02706-JD (N.D. Ca.) since May 2024, making him particularly qualified to manage this MDL. In that litigation, Plaintiffs allege that PowerSchool collects, stores, analyzes, and shares students' sensitive data for its own commercial gain and sells such data to third parties—all without

consent.[1]  Plaintiffs in that case seek to represent Nationwide Student Class defined as "All persons in the United States who attended a K-12 school or school district that used PowerSchool products or services," a Nationwide Parent Class defined as "All parents and legal guardians in the United States whose child attended a K-12 school or school district that used PowerSchool products or services," and two similar California state subclasses.[2]  The parties have fully briefed a motion to dismiss and on February 6, 2025 filed a stipulation with the court indicating that they had jointly selected a mediator for a settlement conference.[3]

The related actions and the *Cherkin* case involve common questions of fact against the same Defendants.  Plaintiffs in that case assert claims for invasion of privacy, deceit, unjust enrichment, and violation of various California statutes and consumer protection laws.  The complaint details how PowerSchool collects and monetizes the data of millions of school-age children and their parents, and the type of data that is collected,[4] as well as how PowerSchool uses that data for its own commercial purposes.[5]  The complaint also details PowerSchool's data retention policies and representations, which are central to the allegations in the related actions subject to potential transfer and consolidation.[6]

Given the similarities in both the allegations and discovery, Judge Donato uniquely familiar with the issues in this litigation and qualified to oversee this MDL.  Transfer and consolidation before Judge Donato will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation, especially considering Judge Donato's experience overseeing data privacy class actions such as this. Given that each case at

---

[1] *See generally*, Ex. 1 (Complaint, *Cherkin v. PowerSchool Holdings, Inc.*, 3:24-cv-02706-JD, Doc. No. 1 (N.D. Ca. May 6, 2024)).
[2] *Id.* at ¶¶ 414-417.
[3] Ex. 2 (Stipulated Request for Order Changing Time, *Cherkin v. PowerSchool Holdings, Inc.*, 3:24-cv-02706-JD, Doc. No. 63 (N.D. Ca. Feb. 6, 2025)).
[4] *Id.* at ¶¶ 33-55
[5] *Id.* at ¶¶ 56-135; 150-162.
[6] *Id.* at ¶¶ 163-188.

issue assert the same or similar claims against the PowerSchool Defendants, transfer and coordination of discovery and other pre-trial efforts will avoid duplicative and potentially conflicting rulings on common issues. This will serve the convenience of the parties, reduce costs, allow cases to proceed more efficiently to trial, and promote the just efficient resolution of the litigation. *See In re Eliquis (Apixaban) Prods. Liab. Litig.*, 282 F.Supp.3d 1354, 1356 (J.P.M.L. 2017); *see also In re MLR, LLC, Patent Litig.*, 269 F.Supp.2d 1380, 1381 (J.P.M.L. 2003).

## IV.   CONCLUSION

For the reasons set forth fully herein, Plaintiff respectfully request that the Panel transfer all noticed related actions, and all subsequently filed tag-along cases, to the Northern District of California before the Honorable James Donato for pre-trial centralization.

Dated: February 20, 2025               Respectfully submitted:

*/s/ Bryan F. Aylstock*
BRYAN F. AYLSTOCK
Aylstock, Witkin, Kreis, & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
PH: 850-202-1010
baylstock@awkolaw.com

*Attorney for Plaintiff*