BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3149 |

**RESPONSE OF INTERESTED PARTY, PLAINTIFF JONNA SCHWARTZ, TO THE MOTION FOR TRANSFER AND CONSOLIDATE FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and JPML Rule 6.2(e), Interested Party Jonna Schwartz[1] ("Schwartz") files this response to the motion of Plaintiff J.I., *et al.* (*see* ECF. No. 1) ("Motion") to transfer and consolidate the related and tag-along cases in this data breach litigation against PowerSchool Group, LLC and PowerSchool Holdings, Inc. (together, "PowerSchool") for coordinated pretrial proceedings in the Western District of Missouri.

    A.    **The Panel Could Either Centralize the Proceedings Under Section 1407 or Exercise Deference to a Voluntary Coordination Process**

Plaintiff Schwartz concurs with the Motion that the requirements of 28 U.S.C. § 1407 are met and that centralization is one option available to the Panel. Common issues of fact connect the tag-along actions because all cases relate to the PowerSchool data breach. Centralization is one way to create efficiencies and streamline pre-trial proceedings in one locale. However, the Panel could dispense with centralization under Section 1407 as organization in this litigation also could be accomplished through voluntary channels. *In re: Kmart Corp. Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1368, 1369 (J.P.M.L. 2015) ("[V]oluntary cooperation and coordination among the small number of parties and involved courts appears eminently feasible. We encourage

---

[1] Jonna Schwartz is the named plaintiff in the related action captioned as *Schwartz v. PowerSchool Holdings, Inc.*, No. 2:25-cv-00230-DC-JDP (E.D. Cal.).

the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings in this litigation.").

Presently, only nine related or tag-along actions have been filed in five district courts outside of the Eastern District of California.[2] Through cooperation and coordination, the counsel and Plaintiffs that filed actions outside the Eastern District of California could voluntarily transfer those actions under 28 U.S.C. § 1404.

### B. If the Panel is Inclined to Transfer and Centralize the Related Cases, Centralization in California is Most Appropriate

If the Panel is inclined to grant the Motion and centralize the proceedings pursuant to Section 1407, one of two California districts is the most appropriate transferee court: the Eastern District of California or the Central District of California.

In choosing an appropriate transferee Court, this Panel considers: (1) where the largest number of cases is pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill, and caseloads of available judges. Manual for Complex Litigation, § 20.132 (4th ed. 2004). While several of these criteria are not yet implicated due to the infancy of the actions, the Eastern District of California presents the most appropriate venue for the transfer and centralization of these actions.

Factor 1 favors the Eastern District of California. Schwartz's review of the pending actions indicates that 40 of the 49[3] related actions are pending in the Eastern District of California.

Factors 2 and 3 above are not dispositive because the related actions remain in their infancy. The pleadings remain open in each related action and discovery has not commenced.

---

[2] N.D. Ill (1); E.D. NY (1); W.D. Mo (2); N.D. Cal. (4); N.D. NC (1)
[3] Based on a PACER Case Locator Search conducted February 20, 2025

Factors 4 and 5 favor the Eastern District of California. PowerSchool is headquartered in Folsom, California—which is located in the Eastern District of California—and is the common thread running through all related actions. Much if not all the key evidence that will be common to the related actions (including key witnesses) is likely located in the Eastern District of California, so proceeding in that court will result in efficiency and costs savings. This Panel typically centralizes similar "hub-and-spoke" data breach class action lawsuits where the primary (i.e., "hub") defendant is located. *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1407 (J.P.M.L 2023) (granting motion to transfer and centralize in hub-and-spoke data breach and transferring to D. Mass. because the principal actor and defendant "[wa]s headquartered in Burlington, Massachusetts. Relevant employees likely are based in this district, where potentially relevant databases, documents, witnesses, and other evidence also may be found."); *In re Snowflake, Inc., Data Security Breach Litigation* ("*In re Snowflake*"), MDL No. 3126, ECF No. 215 (J.P.M.L. 2024) (granting Section 1407 motion and transferring related data breach actions from various districts to Montana where the hub defendant was located).

Finally, factor 6 favors transfer to the Eastern District of California. Judge Dena M. Coggins, who is assigned to first-filed action and numerous related actions in that District, is an excellent and capable jurist, and the Eastern District presently has no pending MDLs. *See In re Snowflake*, MDL No. 3126, ECF No. 215, at 4 (centralizing litigation in Montana because where "litigation offers an opportunity to assign an MDL to an underutilized district . . . .").

Alternatively, the Central District of California presents an appropriate venue for this litigation. Los Angeles is a highly convenient location for a major litigation. Further, the docket conditions in the Central District are favorable given the depth of the bench in that Court, where there are 40 active District Judges. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,

Fed. Prac. & Proc. § 3864 (4th ed. 2024) (the relative conditions of the dockets of the possible transferee courts are an important consideration). The Central District of California has a demonstrated track record of dedicating resources to an MDL of this magnitude.

### III.   CONCLUSION

For the reasons stated above, Interested Party Jonna Schwartz encourages the Panel to consider the process of informal coordination and voluntary transfers under 28 U.S.C. § 1404; however, if the Panel is inclined to transfer and centralize proceedings under Section 1047, the Eastern District of California or, alternatively, the Central District of California are the best options for a transferee venue.

Dated:  February 20, 2025

Respectfully submitted,

*/s/ Tina Wolfson*
Tina Wolfson
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505-4521
Telephone:  310.474.9111
Facsimile:  310.474.8585
twolfson@ahdootwolfson.com

Andrew W. Ferich
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, PA 19087
Telephone:  310.474.9111
Facsimile:  310.474.8585
*aferich@ahdootwolfson.com*

Margot Cutter
CUTTER LAW, PC
401 Watt Ave.
Sacramento, CA 95864
Telephone:  916.290.9400
Facsimile:  916.588.9314
mcutter@cutterlaw.com

John Heenan
**HEENAN & COOK**
1631 Zimmerman Trail
Billings, MT 59102
Phone: (406) 839-9091
*john@lawmontana.com*

Raph Graybill
**GRAYBILL LAW FIRM, PC**
300 4th Street North
PO Box 3586
Great Falls, MT 59403
Phone: (406) 452-8566
*raph@graybilllawfirm.com*