**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CONSUMER DATA SECURITY BREACH LITIGATION | MDL No. 3149 |

**PLAINTIFFS MEGAN JOSEPH, EMILY KIDDER, AND DALE KIDDER'S
RESPONSE IN OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE
FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407**

**KOZYAK TROPIN & THROCKMORTON LLP**
Robert Neary
(Fla. Bar No. 81712)
Benjamin Widlanski
(Fla. Bar No. 1010644)
Gail McQuilkin
(Fla. Bar No. 969338)
Daniel Herrera
(Fla. Bar No. 1048643)
2525 Ponce de Leon Blvd., Floor 9
Coral Gables, FL 33134
Tel (305) 372-1800
rn@kttlaw.com
bwidlanski@kttlaw.com
gam@kttlaw.com
dherrera@kttlaw.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 30064)
Cadio Zirpoli (SBN 179108)
Christopher K. L. Young (SBN 318371)
Kevin E. Rayhill (SBN 67496)
601 California Street, Suite 1505
San Francisco, CA 94108
Tel (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com

*Attorneys for Responding Plaintiffs
(E.D. Cal., Case No. 2:25-cv-00517-AC)*

I. **Introduction**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("the Panel"), Plaintiffs Megan Joseph, Dale Kidder, and Emily Kidder, in the action styled *Megan Joseph et al. v. PowerSchool Holdings, Inc. et al.*, Case No. 2:25-cv-00517 (E.D.C.A. Feb. 13, 2025) ("Responding Plaintiffs") respectfully submit this Interested Party Response to the Motion for Transfer and Coordination or Consolidation pursuant to 28 U.S.C. § 1407 filed by Plaintiffs J.I., A.J., and O.S. by and through her Next Friend M.S. (the "Moving Plaintiffs").

For the reasons set forth herein, Responding Plaintiffs respectfully submit that the Moving Plaintiffs' motion should be denied, and the Panel should allow the parties to continue their own efforts to consolidate the cases in the Eastern District of California (E.D California) where the overwhelming majority of cases have been filed and where consolidation efforts are already underway. Of the approximately forty cases that have been filed thus far, only a few have been filed outside of the E.D. California, rendering consolidation under § 1407 unnecessary.

Should the Panel decide that § 1407 transfer is appropriate, however, the Responding Plaintiffs believe that centralization in the E.D. California is the most appropriate forum given that Defendants are headquartered there and, again, the majority of cases have been filed in that district. In the alternative, if the E.D. California is not selected, the Panel should centralize the cases in the Northern District of California which provides similar conveniences for the parties and has the requisite experience to handle the centralized litigation.

II. **Relevant Background**

PowerSchool provides cloud-based software to K-12 schools in the U.S., including to 90 of the top 100 largest districts in the U.S. It is headquartered in Folsom, California, which is located in the E.D. California.

On December 28, 2024, PowerSchool determined it was subject to a data breach in which hackers exfiltrated data for tens of millions of students, parents, and faculty (the "Data Breach"). PowerSchool disclosed the Data Breach to the impacted districts on January 7, 2025.

Since then, approximately forty (40) class actions have been filed against PowerSchool concerning the Data Breach. The vast majority of cases have been filed in the E.D. California; and only five other districts have cases currently pending: three in the Northern District of California; two in the Western District of Missouri ("W.D. MO"); one in the Northern District of Illinois; one in the Middle District of North Carolina; and one in the Eastern District of New York. The cases involve nearly identical facts and bring similar claims against the same Defendants on behalf of overlapping or identical classes. All cases have been filed since January 8, 2025, and are largely at the same stage of litigation, with all or substantially all having been stayed pending a decision by the Panel.

Where, as here, the vast majority of cases are pending in a single district, a small number of other jurisdictions are involved, and the parties have demonstrated a willingness to cooperate and consolidate, transfer under § 1407 is unnecessary. If the Panel determines § 1407 is warranted, then it should transfer the cases to the E.D. California because the vast majority of cases are pending in the E.D. California, PowerSchool is headquartered in the E.D. California, the relevant evidence and witnesses are overwhelmingly in the E.D. California, and plaintiffs and class members are disproportionately in California.

Alternatively, if not in the E.D. California, then the Panel should transfer the cases to the N.D. California. The N.D. California has the second highest number of cases, offers similar convenience to the parties and witnesses, has significant experience handling data breach class actions and the claims at issue, and has a demonstrated ability to handle multidistrict litigation

("MDL"). None of the non-California districts in which cases are pending offer a similar array of beneficial factors.

For these reasons, as well as those set forth below, the Responding Plaintiffs request that the Panel deny the motion to transfer under § 1407 and permit the parties to use 28 U.S.C. § 1404 and other informal mechanisms to manage the cases. If transfer under § 1407 is necessary, then the Responding Plaintiffs request that the Panel transfer the cases to the E.D. California or, in the alternative, the N.D. California.

### III.  ARGUMENT

#### a.  *Centralization Under 28 U.S.C. § 1407 is Not Warranted.*

The Panel has often stated that consolidation under § 1407 "'should be the last solution after considered review of all other options.'" *Id.* at 1379 (quoting *In re Best Buy Co., Inc., California Song–Beverly Credit Card Act Litig.,* 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011)). "Among these options are voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings." *In re Gen. Motors LLC Chevrolet Bolt EV Battery Products Liab. Litig.*, 532 F. Supp. 3d 1413, 1415 (U.S. Jud. Pan. Mult. Lit. 2021). In determining whether to consolidate cases under § 1407, the Panel considers whether transfer will eliminate duplicative discovery, avoid inconsistent pretrial rulings, reduce litigation costs, or conserve the resources of the parties, their counsel, or the judiciary. *See* Manual for Complex Litigation (Fourth) (2004), § 20.131 at 220 ("The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts.").

However, this Panel has "denied centralization where there is a 'reasonable prospect' that the resolution of Section 1404 motions could eliminate the multidistrict character of the actions before [it]." *In re: Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378,

4

1379 (U.S. Jud. Pan. Mult. Lit. 2012). In the instant case, Responding Plaintiffs oppose Moving Plaintiffs' request for consolidation in the W.D. MO under § 1407 because the vast majority of the related cases were filed in the E.D. California where counsel for those plaintiffs are already cooperating via informal means to achieve the same efficiencies as transfer under § 1407. Therefore, there is a reasonable prospect that each of the cases not filed in the E.D. California can and will be transferred under § 1404 such that consolidation under § 1407 is not necessary here.

Transfer under § 1404 is preferable to § 1407 consolidation because § 1407 provides a temporary solution that is limited to pretrial proceedings while § 1404 transfers provide a single forum for all purposes—including trial. *In re: Gerber*, 899 F. Supp. 2d at 1380. A single forum for all phases of *this* litigation promotes judicial economy because it will consolidate over approximately forty trials into one. This is especially important where, as here, the trial judges would need to "re-familiarize themselves with the actions" involving highly technical and complex factual issues. *Id.*

Even if transfers under § 1404 do not ultimately allow a consolidated proceeding in one court with jurisdiction over the pretrial, trial, and post-trial aspects, the § 1404 rulings "may allow the Panel to better assess where a [future] multidistrict litigation should be assigned." *Id.* As the *Gerber* court pointed out, even if § 1407 consolidation is ultimately required, "to the extent that transfer under Section 1404 results in a larger number of actions pending in the transferee district, the efficiency of the multidistrict litigation may be enhanced by increasing the number of cases in the bellwether trial pool." *Id.*

Therefore, § 1407 centralization is not warranted at this juncture because any necessary transfers can be accomplished through informal means and § 1404 given the limited number of

cases pending outside of the E.D. California and demonstrated cooperation among the cases pending in the E.D. California.

### b. If the Panel decides that Centralization is Appropriate, the Eastern District of California is the Most Appropriate Venue for Transfer Under 28 U.S.C. § 1407.

The Panel considers a series of factors to select a transferee district including where discovery has occurred or will occur, the location of witnesses and relevant evidence, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214-15 (1977)) and § 22.33 (discussing centralization). Each of these factors weighs heavily in favor of transfer to the E.D. California.

The E.D. California is the most convenient venue for the parties and witnesses. As of this filing, the plaintiffs in nearly all of the pending cases concerning Defendants' Data Breach chose to file in that district. Indeed, more plaintiffs are residents of California than of any other state and counsel for the parties are disproportionately located in California. Defendants are also located in the E.D. California—making it the most convenient for them as well. As for witnesses, this case is not likely to involve a large number of third party witnesses and there is no reason to believe that non-party witnesses are concentrated outside of California. In sum, the E.D. California, which is the most convenient venue for the parties, is also likely to be the most convenient for the witnesses.

Second, the E.D. California will promote justice and efficiency more than any other district. As noted above, Defendants are both located in the E.D. California. This means that the vast majority of the evidence in these cases—including witnesses and relevant actions giving rise to the claims—is largely concentrated within this district. Also, given that California students account

for roughly 10% of PowerSchool's student userbase, a disproportionate number of class members and injuries occurred in California.[1]

Third, using the past as a barometer, it is evident that additional actions are likely to continue to be filed in E.D. California. The E.D. California is a convenient location for this litigation and out-of-state litigants because of its proximity to four major international airports (Sacramento International Airport, Oakland International Airport, San Francisco International Airport, and San Jose International Airport), as well as a large number of hotels. In contrast, the only access point for out-of-state attorneys into the W.D. MO would be the Kansas City International Airport. This factor favors the E.D. California.

Finally, the E.D. California has the necessary resources to handle this MDL. The E.D. California is currently operating at full judicial capacity, with five judicial appointments since mid-2021.[2] Moreover, the Honorable Dena Coggins has been assigned to the low-numbered case, *Buack-Shelton*, and appears to be a very capable jurist with nearly a decade of judicial experience across multiple levels and the ability to manage these cases efficiently and effectively.[3] This Panel has repeatedly assigned similar data breach cases based on the location of defendant's' headquarters.[4]

---

[1] https://www.powerschool.com/global/north-america/united-states/california/.

[2] *See* https://en.wikipedia.org/wiki/List_of_federal_judges_appointed_by_Joe_Biden (listing judicial appointments since January 2020, which include five judges appointed to the E.D. California); https://www.uscourts.gov/data-news/judicial-vacancies/current-judicial-vacancies (listing judicial openings, none of which are in the E.D. California).

[3] https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-district-judge-dena-coggins-dc/united-states-district-judge-dena-coggins-dc/.

[4] *In re Angiodynamics, Inc.*, No. MDL No. 3125, 2024 U.S. Dist. LEXIS 182258, at *4 (J.P.M.L. Oct. 3, 2024) (transferring to district because, in part, the defendant "is headquartered in the district"); *In re Multiplan Health Ins. Provider Litig.*, No. MDL No. 3121, 2024 U.S. Dist.

      *c. If the Panel Decides that the Eastern District is not Appropriate for Transfer, this matter should be Transferred to the Northern District of California Under 28 U.S.C. § 1407.*

If not the E.D. California, then the Panel should select the N.D. California because it shares many of the same benefits as the E.D. California. The N.D. California is still convenient for parties and witnesses because its courthouses are roughly 100 miles from Defendants' headquarters and still in California. This also makes it a convenient jurisdiction for the disproportionate number of California plaintiffs. The N.D. California will also promote the just and efficient resolution of the MDL because it has unparalleled experience in managing MDLs and overseeing data breach class actions—the exact claims at issue here.

Conversely, neither the W.D. MO nor any non-California district in which an action is pending has these same benefits. The non-California districts are decidedly inconvenient for parties and witnesses, as each is more than 1,500 miles from California and Defendants' headquarters. Finally, the non-California districts have limited connections to the material facts of the case (i.e., the decisions made and actions taken by Defendants concerning data security) aside from being where the plaintiff resided when the Data Breach occurred.

## IV.    CONCLUSION

For these reasons, Responding Plaintiffs request that the Panel deny transfer under § 1407. If the Panel determines that transfer is appropriate, then Responding Plaintiffs request that the Panel transfer the cases to the E.D. California or, in the alternative, the N.D. California.

---

LEXIS 136840, at *3 (J.P.M.L. Aug. 1, 2024) (transferring to district because, in part, two defendants were headquartered in the district); *In re Sony BMG Audio Compact Disc Litig.*, 429 F. Supp. 2d 1378, 1380 (J.P.M.L. 2006) (transferring to district, in part, because common defendant was headquartered in the district).

DATED: February 20, 2025

        Respectfully submitted,

/**s**/ *Robert J. Neary*
**KOZYAK TROPIN & THROCKMORTON, LLP**
Robert Neary
(Fla. Bar No. 81712)
Benjamin Widlanski
(Fla. Bar No. 1010644)
Gail McQuilkin
(Fla. Bar No. 969338)
Daniel Herrera
(Fla. Bar No. 1048643)
2525 Ponce de Leon Blvd., Floor 9
Coral Gables, FL 33134
Tel (305) 372-1800
rn@kttlaw.com
bwidlanski@kttlaw.com
gam@kttlaw.com
dherrera@kttlaw.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 30064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Kevin E. Rayhill (SBN 267496)
601 California Street, Suite 1505
San Francisco, California 94108
Tel (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com

*Attorneys for Responding Plaintiffs*
*(E.D. Cal.,* Case No. 2:25-cv-00517-AC)

15C4161