BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE POWERSCHOOLGROUP, LLC AND POWERSCHOOL HOLDINGS, INC. | MDL No. 3149 |

## RESPONSE OF PLAINTIFF TOWFEQ ZARIF IN OPPOSITION TO MOTION FOR TRANSFER OF RELATED ACTIONS TO THE WESTERN DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1407

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiff Towfeq Zarif in the case styled *Towfeq Zarif et al. v. PowerSchool Group, LLC et al.*, United States District Court for the Eastern District of California, Case No. 2:25-cv-00259-JDP, submits this Interested Party Response in opposition to Plaintiffs J.I., A.J., and O.S. by and through her Next Friend M.S.'s Motion to Transfer and Consolidate Related Actions[1] to the Western District of Missouri (collectively "Movants"). The Related Actions arise out of a Data Breach involving PowerSchool Group, LLC and PowerSchool Holdings, Inc. ( collectively "PowerSchool"). Plaintiff Towfeq Zarif agrees that centralization and transfer is appropriate, but disagrees that the Western District of Missouri is an appropriate transfer district. Zarif believes that transfer to the Eastern District of California for coordinated or consolidated pretrial proceedings would lead to the greatest efficiency and ease of proceedings for all plaintiffs and defendants. In the alternative, Plaintiff Zarif requests transfer to the Northern District of California due to its proximity to the center of gravity for this case, the ease of travel to the Bay Area and the excellent and capable jurists in the Northern District.

---

[1] "Related Actions" refers to those actions identified in the Schedule of Actions with the Motion (ECF No. 2-3) and all subsequent tag-along actions.

1

I.     **The Related Actions Should Be Centralized Pursuant to 28 U.S.C. § 1407(a)**

Section 1407 permits transfer and centralization of cases that are pending in different districts if the cases "involve one or more common questions of fact" and the Panel determines that transfer and centralization will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The aim of section 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)). Transfer of the Related Actions for consolidated or coordinated pretrial proceedings will advance section 1407's underlying objectives. Here, there are several common questions of fact including, but not limited to: (1) whether PowerSchool's cybersecurity measures were reasonably robust; (2) what data was stolen; (3) whether PowerSchool was negligent; (4) whether PowerSchool's practices complied with Federal Trade Commission ("FTC") guidance; and (5) whether PowerSchool timely informed plaintiffs of the Data Breach. Further, absent centralization, multiple plaintiffs will be seeking the same discovery and different judges will hear similar issues. Thus, the Court should centralize these actions because it will prevent the duplication of discovery, the imposition of conflicting rules and schedules, excess litigation costs, and save the time and efforts of all relevant parties.

II.    **The Eastern District of California Is the Most Appropriate Forum**

When determining the most appropriate transferee forum, the Panel considers, among other factors, the location of a primary defendant's headquarters, the relative number of cases pending in each jurisdiction, whether the district is in a geographically central and accessible metropolitan location, and the experience and capacity of the judges in the district proposed. *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 2023 WL 6456749, at *3 (transferring

to district where primary defendant was headquartered); *In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. MDL 2969, 2020 WL 7384529, at *3 (J.P.M.L. Dec. 15, 2020) (transferring to forum that was "the clear center of gravity for this litigation," in large part because of the "sizeable number of actions" pending there).

Here, the Eastern District of California is the most appropriate and convenient venue for transfer and centralization of the Related Actions and any tag-along actions for several reasons. First, Defendants are headquartered in Folsom, California, within the Eastern District of California. Relevant witnesses, databases, documents, and other evidence are likely located there. Second, the Eastern District of California is the center of gravity of this litigation, with the vast majority of the Related Actions (at least 38 of 42) pending there. Attached as Exhibit A, for the Panel's convenience is a table setting forth the date filed and original District for each case filed to date.

Finally, docket considerations strongly favor the Eastern District of California over the Western District of Missouri. As of February 3, 2025 there are no MDLs pending in the Eastern District of California while there are already four MDLs pending in the Western District of Missouri.[2] Each of these factors weighs in favor of the Eastern District of California.

**III.       The Northern District of California Is An Excellent Alternative Venue For Transfer**

Should the Panel not be inclined to transfer the Related Cases to the Eastern District of California, the Northern District of California would meet all the objectives of transfer and would be preferable to the Western District of Missouri. Like the Eastern District of California, the Northern District of California is near the center of gravity for the related cases. Furthermore, with three international airports within the District, it is very easy to reach from anywhere in the

---

[2] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-3-2025.pdf

United States. Finally, the Bay Area's status as a technology and population hub provides a bench with deep familiarity of technology issues, such as will be present in this case.

### IV. The Other Proposed Forum Would Not Be Appropriate For This Litigation

The Western District of Missouri is not preferable to the Eastern District of California or the Northern District of California. The Movants argue that the Western District of Missouri is the appropriate transfer venue because: (1) of alleged understaffing in the Eastern District of California, and (2) the central geographic location of the Western District of Missouri. As explained above, there are no MDLs currently pending in the Eastern District of California while there are four MDLs pending in the Western District of Missouri. Thus, the Eastern District of California is more available and able to handle this complex litigation than the Western District of Missouri. Likewise, the many capable jurists in the Northern District of California could efficiently and effectively oversee this case. Further, the central geographic location of the Western District of Missouri does not outweigh the fact that (1) Defendants are headquartered in the Eastern District of California; (2) the California is the center of gravity for this litigation; and (3) docket considerations strongly favoring the Eastern District of California, and in the alternative the Northern District of California, over the Western District of Missouri.

### V. Conclusion

For the reasons set forth above, Plaintiff Towfeq Zarif in the case styled *Towfeq Zarif et al. v. PowerSchool Group, LLC et al.*, respectfully requests that the Panel consolidate and transfer the Related Actions to the Eastern District of California, or in the alternative the Northern District of California, for pretrial purposes.

Date: February 20, 2025

Respectfully submitted,

*/s/ Thomas E. Loeser*
Thomas E. Loeser
**COTCHETT, PITRE AND MCCARTHY LLP**
Joseph W. Cotchett, Cal Bar No. 36324
Thomas E. Loeser, Cal Bar No. 202724
Gia Jung, Cal Bar No. 340160
840 Malcom Road
Burlingame, CA 94010

**COTCHETT, PITRE AND MCCARTHY LLP**
Thomas E. Loeser, Cal Bar No. 202724
Karin B. Swope (*pro hac vice* to be filed)
Jacob M. Alhadeff (*pro hac vice* to be filed)
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
Facsimile: (206)-299-4184
tloeser@cpmlegal.com.com
kswope@cpmlegal.com
jalhadeff@cpmlegal.com

Counsel for Plaintiff Towfeq Zarif, *Towfeq Zarif et al. v. PowerSchool Group, LLC et al.*, Case No. 2:25-cv-00259-JDP (E.D. Cal.).