## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) | MDL No. 3149 |

## PLAINTIFFS SHEILAH BUACK-SHELTON, S.S., KRYSTAL VARGHA, AND RICHARD BROWN, B.E.B., J.B.B., JULIE JOHNSON, SCOTT GRECI, L.G., DAVID BROWNLEE, AND A.B.'S RESPONSE IN OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407

Timothy Z. LaComb
Daniel J. Mogin
MOGINRUBIN LLP
4225 Executive Square, Suite 600
La Jolla, CA 92037
Tel: (619) 687-6611
Fax: (619) 687-6610
tlacomb@moginrubin.com
dmogin@moginrubin.com


Richard Lombardo
SHAFFER LOMBARDO SHURIN, P.C.
2001 Wyandotte
Kansas City, MO 64108
Tel: 816-931-0500
rlombardo@sls-law.com
        -AND-
Andrew Bluth (SBN 232387)
SINGLETON SCHREIBER, LLP
1414 K St Ste 470
Sacramento, CA 95814-3966
Tel: (916) 775-5894
abluth@singletonschreiber.com

John C. Bohren
YANNI LAW APC
P.O. Box 12174 San Diego, CA 92112
Tel: (619) 433-2803
Fax: (800) 867-6779
yanni@bohrenlaw.com

        -AND-
Paul J. Doolittle
POULIN | WILLEY | ANASTOPOULO
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Fax: (843) 494-5536
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

Jason M. Lindner
101 W. Broadway, Ste. 820
San Diego, CA 92101
Tel: (619) 400-5822
lindner@hartleyllp.com

*Counsel for Responding Plaintiffs Sheilah Buack-Shelton, S.S., Krystal Vargha, Richard Brown, B.E.B., J.B.B., Julie Johnson, Scott Greci, L.G., David Brownlee, and A.B.*

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation ("the Panel"), Plaintiffs Shielah Buack-Shelton, Krystal Vargha,

and *Richard Brown, B.E.B., J.B.B., Julie Johnson, Scott Greci, L.G., David Brownlee, and A.B.*

(the "Responding Plaintiffs") respectfully submit this Interested Party Response to the Motion

for Transfer and Coordination or Consolidation pursuant to 28 U.S.C. § 1407 filed by Plaintiffs

J.I., A.J., and O.S. by and through her Next Friend M.S. (the "Moving Plaintiffs").

## I.    INTRODUCTION

Transfer under § 1407 is a tool of last resort that is not necessary here. PowerSchool

Holdings, Inc., and PowerSchool Group, LLC (collectively, "PowerSchool" or the "Defendant")

are facing approximately fifty (50) cases concerning the data breach that occurred on or around

December 28, 2024 (the "Data Breach"). Forty (40) of those cases were filed in the Eastern

District of California ("EDCA") where PowerSchool is headquartered and will likely be

consolidated into a single action for all purposes soon.[1] Aside from the EDCA, cases have been

filed in five other districts. Where, as here, the vast majority of cases are pending in a single

district, a small number of other jurisdictions are involved, and the parties have demonstrated a

willingness to cooperate and consolidate, transfer under § 1407 is unnecessary.

If the Panel determines § 1407 is warranted, then it should transfer the cases to the

EDCA. Again, the vast majority of cases are pending in the EDCA, PowerSchool is

headquartered in the EDCA, the relevant evidence and witnesses are overwhelmingly in the

EDCA, plaintiffs and class members are disproportionately located in California, and the

comparatively valuable California claims with California subclasses should be decided by

California-based courts.

---

[1] Plaintiffs filed a motion to consolidate the forty actions pending in the EDCA, which includes a stipulation and proposed order to consolidate agreed to by plaintiffs in thirty-seven of the actions. No plaintiff has indicated it opposes consolidation and Defendant indicated it will not oppose the motion.

Alternatively, if not in the EDCA, then the Panel should transfer the cases to the Northern District of California ("NDCA"). The NDCA offers similar convenience to the parties and witnesses, has significant experience handling data breach class actions and the claims at issue, and has a demonstrated ability of handling multidistrict litigations ("MDLs"). None of the non-California districts in which cases are pending offers a similar basket of benefits.

For these reasons, as well as those set forth below, the Responding Plaintiffs request that the Panel deny the motion to transfer under § 1407 and permit the parties to use § 1404 and other informal mechanisms to manage the cases. If transfer under § 1407 is necessary, then the Responding Plaintiffs request that the Panel transfer the cases to the EDCA or, in the alternative, the NDCA.

## II.    BACKGROUND

PowerSchool provides cloud-based software to K-12 schools in the U.S., including 90 of the 100 largest districts in the U.S. It is headquartered in Folsom, California, which is located in the EDCA.

On December 28, 2024, PowerSchool determined it was subject to a data breach in which hackers exfiltrated data for tens of millions of students, parents, and faculty (the "Data Breach"). PowerSchool disclosed the Data Breach to the impacted districts on January 7, 2025.

Since then, approximately fifty class actions have been filed against PowerSchool concerning the Data Breach. Forty have been filed in the EDCA; four in the NDCA; two in the Western District of Missouri ("WDMO"); two in the Northern District of Illinois ("NDIL"); one in the Middle District of North Carolina ("MDNC"); and one in the Eastern District of New York ("EDNY"). The cases involve nearly identical facts and bring similar claims on behalf of overlapping or identical classes. The cases have all been filed since January 8, 2024, and are at the same stage of litigation, with all or substantially all having been stayed pending a decision by the Panel.

## III.    ARGUMENT

### A.  Transfer under § 1407 is unnecessary.

3

Transfer under § 1407 is a "last resort" that is reserved for situations in which voluntary coordination or other informal case handling practices are inadequate. *In re Best Buy, Co., Inc. Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). The Panel has been unequivocal that parties should exhaust alternative options before invoking § 1407. *Id.* If a "reasonable prospect" exists that transfer under § 1404 could eliminate the multidistrict character of a litigation, then transfer under § 1407 should be denied. *In re First Am. Fin. Corp. Customer Data Sec. Breach Litig.*, 396 F. Supp. 3d 1372, 1373 (J.P.M.L. 2019). This is because transfer under § 1404 is preferable given that it is "for all purposes, including trial," meaning "such transfer, where appropriate, can achieve efficiencies beyond those available under Section 1407." *In re Allianz Structured Alpha Funds Litig.*, 544 F. Supp. 3d 1361, 1362 (J.P.M.L. 2021).

Here, the cases pending in the EDCA will likely be consolidated into a single action for all purposes soon, meaning they will effectively operate as a single action. Cases are pending in only five districts outside of the EDCA and represent a fraction of the total cases filed. In situations like this where most cases are in a single district, a small number of cases are pending in other districts, and/or the parties have demonstrated they will work together through informal processes, the Panel has routinely denied transfer under § 1407, including in the data breach context. [2]

There is a reasonable prospect that transfer under either § 1404 or the courts' inherent authority will eliminate the multidistrict character of the litigation. Based on conversations to

---

[2] *See In re StockX Customer Data Sec. Breach Litig.*, 412 F. Supp. 3d 1363, 1365 (J.P.M.L. 2019) (denying transfer of data breach cases because "cooperation among the few involved courts and counsel is a workable alternative to centralization"); *In re 24[7]AI, Inc. Customer Data Sec. Breach Litig.*, 338 F. Supp. 3d 1345, 1347 (J.P.M.L. 2018) (denying transfer of data breach cases because "a number of pending motions could significantly reduce or even eliminate the multidistrict character of this litigation"); *In re Hudson's Bay Co. Customer Data Sec. Breach Litig.*, 326 F. Supp. 3d 1372, 1373 (J.P.M.L. 2018) (denying transfer data breach cases); *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1379 (J.P.M.L. 2011) (refusing to transfer actions pending in four jurisdictions because informal coordination could achieve the same efficiencies).

date, Defendant is in favor of centralization in California, meaning it will almost certainly utilize § 1404 to transfer the actions to the EDCA if this motion is denied. If Defendant moves for transfer under § 1404, then it will very likely succeed because nearly all of the § 1404 transfer factors weigh in favor of transfer, including the most significant – convenience of the witnesses.[3] Even if Defendant is unsuccessful in transferring the actions under § 1404, then the courts can use their inherent power to transfer the actions to the EDCA. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1996).

Assuming transfer does not eliminate the multidistrict character of the litigation, the parties can achieve many of the same efficiencies through informal coordination, rendering transfer under § 1407 unnecessary. *In re Capacitors Antitrust Litig. No. II*, 223 F. Supp. 3d 1340, 1342 (J.P.M.L. 2016) (denying an MDL where "voluntary cooperation and coordination among the parties and the involved courts may be feasible with respect to common discovery and pretrial proceedings."). As the Panel previously recognized, "it is better to allow the parties' attempts to self-organize play out before centralizing any part of this litigation" and that the parties can later pursue a request for centralization if the informal coordination proves unsuccessful. *In re Baby Food Mktg., Sales Practices & Prods. Liab. Litig.*, 544 F. Supp. 3d 1375, 1378 (J.P.M.L. 2021).

The parties in the cases at issue here will be able to use informal means to achieve the same efficiencies as transfer under § 1407. All cases are at the same stage (pre-motion to dismiss), making coordination particularly feasible. All cases bring similar claims based on the same facts and, therefore, will likely seek substantially similar discovery, making coordination

---

[3] The factors considered on a § 1404 transfer motion are: (1) The convenience of the witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity of the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

on discovery straightforward. To the extent any court outside of the EDCA is concerned with the prospect of inconsistent rulings, it can stay its action(s) until the issues are resolved in the EDCA. Finally, the parties have shown they can and will use informal coordination as necessary, evidenced by the agreement reached by plaintiffs in the EDCA actions concerning consolidation.

**B. If transfer under § 1407 is appropriate, then the Panel should transfer the cases to the Eastern District of California.**

When selecting a forum, the Panel has considered the following factors: (1) which location is more convenient for witnesses and parties; (2) which location will promote the just and efficient outcome of the cases; (3) in which location are additional actions likely to be filed; and (4) in which location the parties prefer to litigate. *See, e.g., In re Nat'l Hockey League Players' Concussion Injury Litig.*, 49 F. Supp. 3d 1350, 1350 (J.P.M.L. 2014); *In re Upjohn Co. Antibiotic "Cleocin" Prods. Liab. Litig.*, 450 F. Supp. 1168, 1169-71 (J.P.M.L. 1978). Each factor weighs heavily in favor of transfer to the EDCA.

The EDCA is the most convenient venue for witnesses and parties. PowerSchool is headquartered in the EDCA, meaning many of the likely witnesses reside in or near the EDCA. Several of the plaintiffs are residents of California. Counsel for the parties is disproportionately located in California. Given the nature of this case, the number of non-party witnesses will likely be small and there is no indication that any are located out-of-state.

Consolidating the actions in the EDCA will promote the just and efficient conduct of such actions. The claims for violations of California's Consumer Protection Act ("CCPA") will likely prove to be the most valuable, particularly on a per-violation basis.[4] These claims are

---

[4] Demonstrating the value of the CCPA claims, data breach cases often settle with California residents with CCPA claims receiving a substantial premium over non-California residents subject to the same data breach. *See In Re: Volkswagen Data Incident Litigation*, Case No. 4:21-cv-08518 (D.N.J.) (California residents each received additional $350); *In re Blackhawk Network Data Breach Litigation*, Case No. 22-cv-07084 (N.D. Cal.) (California residents received an additional $200); *In re: Orrick, Herrington & Sutcliffe LLP Data Breach Litigation*, Case No. 3:23-cv-04089-SI (N.D. Cal.) (California residents received an additional $150).

brought on behalf of California subclasses and should be decided by a California court to ensure they are decided by judges familiar with the legal framework.

The relevant evidence is disproportionately located in the EDCA and/or California. Because it is headquartered in the EDCA, the witnesses and actions by PowerSchool giving rise to the claims likely occurred in the EDCA. Likewise, given that California students account for roughly 10% of PowerSchool's student userbase, a disproportionate number of class members and injuries occurred in California.[5]

The EDCA has the necessary resources to handle this MDL. While understaffed historically, the EDCA is currently operating at full judicial capacity, with five judicial appointments since mid-2021.[6] Moreover, the Honorable Dena Coggins has been assigned to the low-numbered case, *Buack-Shelton*, and appears to be a very capable jurist with nearly a decade of judicial experience across multiple levels and the ability to manage these cases efficiently and effectively.[7] Finally, this Panel has repeatedly assigned similar data breach cases based on the location of defendant's headquarters.[8]

### C. In the alternative, the NDCA is the most appropriate venue for the MDL.

If not the EDCA, then the Panel should send the MDL to the NDCA because it shares many of the same benefits as the EDCA and has a pool of judges with unparalleled experience with MDLs. The NDCA is still convenient for parties and witnesses because its courthouses are

---

[5] https://www.powerschool.com/global/north-america/united-states/california/.

[6] See https://en.wikipedia.org/wiki/List_of_federal_judges_appointed_by_Joe_Biden (listing judicial appointments since January 2020, which include five judges appointed to the EDCA); https://www.uscourts.gov/data-news/judicial-vacancies/current-judicial-vacancies (listing judicial openings, none of which are in the EDCA).

[7] https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-district-judge-dena-coggins-dc/united-states-district-judge-dena-coggins-dc/.

[8] *In re Angiodynamics, Inc*., No. MDL No. 3125, 2024 U.S. Dist. LEXIS 182258, at *4 (J.P.M.L. Oct. 3, 2024) (transferring to district because, in part, the defendant "is headquartered in the district"); *In re Multiplan Health Ins. Provider Litig*., No. MDL No. 3121, 2024 U.S. Dist. LEXIS 136840, at *3 (J.P.M.L. Aug. 1, 2024) (transferring to district because, in part, two defendants were headquartered in the district); *In re Sony BMG Audio Compact Disc Litig*., 429 F. Supp. 2d 1378, 1380 (J.P.M.L. 2006) (transferring to district, in part, because common defendant was headquartered in the district).

7

roughly 100 miles from PowerSchool's headquarters and still in northern California. This also makes it a convenient jurisdiction for the several California plaintiffs. The NDCA will also promote the just and efficient resolution of the MDL because it has unparalleled experience in managing MDLs and overseeing data breach class actions concerning the same claims at issue here.[9]

Conversely, neither the WDMO nor any non-California district in which an action is pending shares these attributes. The non-California districts are decidedly inconvenient for parties and witnesses, as each is more than 1,500 miles from California and PowerSchool's headquarters. These districts have limited experience with the California claims that will likely drive this litigation, particularly compared to the EDCA and NDCA. Finally, the non-California districts have limited connections to the material facts of the case (i.e., the actions taken by PowerSchool concerning data security) aside from being where the plaintiff was located when the Data Breach occurred.

## IV.   CONCLUSION

For these reasons, Responding Plaintiffs request that the Panel deny transfer under § 1407. If the Panel determines that transfer is appropriate, then Responding Plaintiffs request that the Panel transfer the cases to the EDCA or, in the alternative, the NDCA.

---

[9] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-3-2025.pdf (showing NDCA has 18 pending MDLs and only two other jurisdictions have more than 10).

DATED: February 20, 2025

Respectfully submitted,

By: _____/s/ Timothy Z. LaComb_____
Timothy Z. LaComb (CA SBN 314244)
Daniel J. Mogin (CA SBN 95624)
MOGINRUBIN LLP
600 West Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
tlacomb@moginrubin.com
dmogin@moginrubin.com

*Counsel for Sheilah Buack-Shelton and S.S.*

Paul J. Doolittle (SC SBN 66490)
POULIN | WILLEY | ANASTOPOULO
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

John C. Bohren (CA SBN 295292)
YANNI LAW APC P.O. Box 12174
San Diego, CA 92112
Telephone: (619) 433-2803
Fax: (800) 867-6779
yanni@bohrenlaw.com

*Counsel for Krystal Vargha*

Richard Lombardo (MO SBN 232387)
SHAFFER LOMBARDO SHURIN, P.C.
2001 Wyandotte
Kansas City, MO 64108
Tel: 816-931-0500
rlombardo@sls-law.com

Andrew Bluth (CA SBN 232387)
SINGLETON SCHREIBER, LLP
1414 K St Ste 470
Sacramento, CA 95814-3966

Tel: (916) 775-5894
abluth@singletonschreiber.com

*Counsel for Richard Brown, B.E.B., J.B.B., and
Julie Johnson*

Jason M. Lindner (SBN 211451)
HARTLEY LLP
101 W. Broadway, Ste. 820
San Diego, CA 92101
Tel: (619) 400-5822
lindner@hartleyllp.com

*Counsel for Scott Greci, L.G., David Brownlee, and
A.B.*