BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: POWERSCHOOL, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3149 |

**INTERESTED PARTY RESPONSE OF PLAINTIFFS GWENDOLYN CROCKRAN, DENISE CHAMPNEY, AND NICOLE DRENNEN IN SUPPORT OF TO MOTION TO TRANSFER AND CONSOLIDATE FOR COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("the Panel"), Interested Parties Gwendolyn Crockran, Denise Champney and Nicole Drennen in the actions styled *Crockran v. PowerSchool Holdings, Inc.*, Case No. 2:25-cv-00171 (E.D. Cal.) (filed Jan. 14, 2025) ("Crockran") and *Champney et al. v. PowerSchool Holdings, Inc.*, Case No. 2:25-cv-00211 (E.D. Cal.) (filed Jan. 15, 2025) ("Champney") (collectively, the "Crockran Plaintiffs") respectfully submit this response in support of the Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings Under 28 U.S.C. § 1407 (the "MDL Motion") filed by Plaintiffs J.I., A.J., and O.S. by and through her Next Friend M.S. ("Movants"). The Cockran Plaintiffs agree that the cases should be centralized. They disagree with Movants as to the location of the transferee district.

I.   **INTRODUCTION**

For the reasons set forth herein, the Crockran Plaintiffs submit that the data breach cases at issue in this MDL Motion should be centralized in the Eastern District of California where the vast majority of cases arising from the PowerSchool data breach were filed and where the

1

PowerSchool Defendants[1] are headquartered, as opposed to the Western District of Missouri as requested by Movants. In the alternative, the Crockran Plaintiffs request this matter be centralized in the Northern District of California.

Because it is always best for counsel to attempt to self-organize, numerous lawyers attempted to do so prior to the filing of the MDL Motion. In fact, counsel in most of the cases filed in the Eastern District of California – as well as counsel for the PowerSchool Defendants – were almost finished negotiating a stipulated motion to consolidate the numerous cases in the Eastern District of California into a single action pursuant to Fed. R. Civ. P. 42. Counsel for the MDL Movants was invited to participate in the joint consolidation motion but did not do so. Consequently, the MDL Motion was filed without prior consultation with the attorneys who were working towards cooperative consolidation. The cases should stay in the Eastern District of California and the small number of cases in other jurisdictions should be transferred into that district.

**II.    BACKGROUND**

To date, approximately 47 actions have been filed against PowerSchool Holdings, Inc. and/or PowerSchool Group, LLC arising from the PowerSchool data breach.[2] Approximately 40 of those cases were filed in the Eastern District of California, with only seven (7) cases filed in

---

[1] PowerSchool Holdings, Inc. and PowerSchool Group, LLC are collectively referred to herein as the "PowerSchool Defendants" or "Defendants."

[2] Only one case on file names an additional defendant, Bain Capital, L.P.: *Flick v. PowerSchool Holdings, Inc. et al.*, Case No. 2:25-cv-00232 (E.D. Cal.) (naming PowerSchool Holdings, Inc. and Bain Capital, L.P. as defendants). According to the *Flick* Complaint, Bain Capital, L.P. acquired PowerSchool Holdings, Inc. on or around October 1, 2024.

other district courts.[3]  Only four of those cases were filed in states other than California.  The cases filed to date are as follows:

| Docket Number | Case Name | U.S. Court District | Date Filed |
|---|---|---|---|
| 2:25-cv-00093 | Sheilah Buack-Shelton et al v. PowerSchool Holdings, Inc. | Eastern District of California | 01/08/2025 |
| 2:25-cv-00096 | Baker v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/09/2025 |
| 2:25-cv-00098 | Kinney v. PowerSchool Holdings, Inc. | Eastern District of California | 01/09/2025 |
| 2:25-cv-00110 | Vargha v. PowerSchool Holdings, Inc., d/b/a PowerSchool | Eastern District of California | 01/10/2025 |
| 2:25-cv-00136 | F.C. v. PowerSchool Group LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/10/2025 |
| 2:25-cv-00139 | Giles v. PowerSchool Holdings, Inc. | Eastern District of California | 01/10/2025 |
| 2:25-cv-00140 | Strelzin v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/10/2025 |
| 2:25-cv-00141 | A.A. v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/10/2025 |
| 2:25-cv-00152 | E.H. v. PowerSchool Holdings, Inc. | Eastern District of California | 01/13/2025 |
| 2:25-cv-00159 | Pettinger et al v. PowerSchool Group LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/13/2025 |
| 2:25-cv-00165 | Martinez-Turnbow v. PowerSchool Holdings, Inc. | Eastern District of California | 01/13/2025 |
| 2:25-cv-00171 | Crockran v. PowerSchool Holdings, Inc. | Eastern District of California | 01/14/2025 |
| 2:25-cv-00173 | Habbal et al v. PowerSchool Holdings, Inc. | Eastern District of California | 01/14/2025 |
| 2:25-cv-00203 | Mayfeild v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/14/2025 |

---

[3] Of the cases filed in other district courts, three were filed in the Northern District of California, two were filed in the Western District of Missouri, one in the Eastern District of New York, and one in the Northern District of Illinois.

| | | | |
|---|---|---|---|
| 2:25-cv-00204 | Arede v. PowerSchool Holdings, Inc. | Eastern District of California | 01/14/2025 |
| 2:25-cv-00208 | Greci et al v. PowerSchool Holdings, Inc. | Eastern District of California | 01/14/2025 |
| 2:25-cv-04006 | J.I. et al v. PowerSchool | Western District of Missouri | 01/14/2025 |
| 2:25-cv-00206 | Griffin v. PowerSchool Group LLC | Eastern District of California | 01/15/2025 |
| 2:25-cv-00207 | White v. PowerSchool Holdings, Inc. | Eastern District of California | 01/15/2025 |
| 2:25-cv-00209 | La Count et al v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/15/2025 |
| 2:25-cv-00210 | Keigley v. PowerSchool Group LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/15/2025 |
| 2:25-cv-00211 | Champney et al v. PowerSchool Holdings, Inc. | Eastern District of California | 01/15/2025 |
| 2:25-cv-00230 | Schwartz v. PowerSchool Holdings, Inc. | Eastern District of California | 01/16/2025 |
| 2:25-cv-00231 | Okoni v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/17/2025 |
| 2:25-cv-00232 | Flick et al v. PowerSchool Holdings, Inc. and Bain Capital, L.P. | Eastern District of California | 01/16/2025 |
| 2:25-cv-00252 | Faircloth v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/17/2025 |
| 2:25-cv-00327 | J.B. et al v. PowerSchool Holdings, Inc. | Eastern District of New York | 01/17/2025 |
| 2:25-cv-00256 | Brown et al v. PowerSchool Holdings, Inc. | Eastern District of California | 01/21/2025 |
| 2:25-cv-00259 | Zarif v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/21/2025 |
| 2:25-cv-00271 | Gramelspacher v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/22/2025 |
| 2:25-cv-00310 | Campbell v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/23/2025 |
| 2:25-cv-00393 | Lockhart et al v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/28/2025 |

| 4:25-cv-00057 | Krutsinger v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Western District of Missouri | 01/28/2025 |
| 2:25-cv-00410 | Allen et al v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 01/29/2025 |
| 2:25-cv-00426 | Stringer v. PowerSchool Group, LLC | Eastern District of California | 01/31/2024 |
| 2:25-cv-00427 | Warren et al v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 01/31/2025 |
| 2:25-cv-00431 | August v. PowerSchool Holdings, Inc. | Eastern District of California | 01/31/2025 |
| 2:25-cv-00444 | Hisserich et al v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 02/03/2025 |
| 2:25-cv-00485 | Noble v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 02/07/2025 |
| 3:25-cv-01353 | Spicuzza et al v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Northern District of California | 02/07/2025 |
| 2:25-cv-00498 | Behar Calzado et al v. PowerSchool Group, LLC, PowerSchool Holdings, Inc., and Does 1-100 | Eastern District of California | 02/11/2025 |
| 2:25-cv-00514 | Tillman v. PowerSchool Group, LLC and PowerSchool Holdings, Inc. | Eastern District of California | 02/13/2025 |
| 2:25-cv-00517 | Joseph et al v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Eastern District of California | 02/13/2025 |
| 2:25-cv-00519 | Gauron v. PowerSchool Holdings, Inc. | Eastern District of California | 02/13/2025 |
| 3:25-cv-01543 | Wright v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Northern District of California | 02/13/2025 |
| 1:25-cv-01549 | Campbell v. PowerSchool Holdings, Inc. and PowerSchool Group, LLC | Northern District of Illinois | 02/13/2025 |
| 3:25-cv-01783 | Valdovinos et al v. PowerSchool Holdings, Inc. and PowerSchool Group LLC | Northern District of California | 02/19/2025 |

Each of the above actions involve similar allegations, claims, and damages resulting from the PowerSchool data breach, such that they are appropriate for consolidated or coordinated proceedings.

The Panel stated on its ECF entry announcing the schedule in these proceedings that "[i]n their [responsive] briefs, the parties should address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)." *In re: PowerSchool Holdings, Inc., and PowerSchool Grp., LLC Customer Data Sec. Breach Litig.*, MDL No. 3149, ECF No. 5 (Jan. 30, 2025 J.P.M.L.). The Crockran Plaintiffs' actions to date, through coordination with counsel for numerous other Plaintiffs who filed cases in the Eastern District of California, understand the Panel's instructions.

As noted above, counsel for the Crockran Plaintiffs, along with numerous other Plaintiffs' counsel with cases pending in the Eastern District of California, were already coordinating with each other and defense counsel to consolidate the cases in that district. Plaintiffs' counsel for the first approximately 29 cases filed in the Eastern District of California had agreed to consolidate their cases and were in the process of finalizing a Joint Stipulation Concerning Consolidation, Appointment of Interim Class Counsel and Setting Deadlines ("Stipulation") when the MDL Motion was filed.

### III. ARGUMENT

#### a. Centralization of the Related Actions is Appropriate

In light of the coordination already occurring among counsel in the Eastern District of California and the fact that there are so many cases filed in that district, with a few cases now filed in district courts outside of the Eastern District of California, the Crockran Plaintiffs agree that the

related actions are appropriate for centralization pursuant to 28 U.S.C. section 1407(a) because: (1) they "involv[e] one or more common questions of facts," (2) transferring the cases would serve "the convenience of parties and witnesses," and (3) transferring the cases will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a); *see also* Manual for Complex Litigation § 20.131 (4th ed. 2004) ("The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts.").

If the Panel decides an MDL is appropriate here, the Crockran Plaintiffs submit that the most appropriate and ideal transferee district is the Eastern District of California.

**b. The Eastern District of California is the Most Appropriate Transferee Forum**

In selecting the appropriate transferee district, the Panel considers factors such as the convenience of the parties, the location of relevant evidence and witnesses, the experience of the jurists, the location where most pending cases are filed, and the case load of the proposed transferee forum and experience of available transferee judges. *See* Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214-15 (1977)) and § 22.33 (discussing centralization). The goal is to choose a district where coordinating pretrial proceedings would be most efficient.

The Eastern District of California is the most convenient and ideal transferee forum for this litigation because (i) relevant evidence and witnesses are located in the Eastern District of California where Defendants are headquartered, (ii) the majority of cases were filed in the Eastern District of California, and (iii) the Eastern District of California is best suited to ensure efficient handling of the MDL. *See In re MOVEit Customer Data Sec. Breach Litig.*, 699 F. Supp. 3d 1402, 1407 (J.P.M.L. 2023) (selecting transferee district because "[m]ore cases are pending in this district

than in any other district, and the owner of the MOVEit file transfer software, Progress Software Corp., is headquartered in [this district]. Relevant employees likely are based in this district, where potentially relevant databases, documents, witnesses, and other evidence also may be found."); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374–75 (J.P.M.L. 2019) (selecting transferee district where Defendant was headquartered, relevant documents and witnesses would likely be found there, and because "far more actions are pending there than in any other district.").

### (i) *Defendants are Headquartered in the Eastern District of California and Relevant Evidence and Witnesses Will Likely be in the E.D. Cal.*

Defendants PowerSchool Group LLC and PowerSchool Holdings, Inc. are both headquartered in the Eastern District of California, and thus, relevant documents and witnesses will likely be located there, and much of discovery will be located in the Eastern District of California. Accordingly, the Eastern District of California is the most natural and convenient venue in which to centralize the litigation. *See In re: Blackbaud, Inc., Customer Data Sec. Breach Litig.*, 509 F. Supp. 3d 1362, 1364 (J.P.M.L. 2020) (selecting transferee district where the defendant had its headquarters and thus common witnesses and other evidence would likely be located in that district); *In re: Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1326 (J.P.M.L. 2017) (concluding appropriate transferee district was where Equifax was headquartered and relevant documents and witnesses likely would be found there); *In re Perry Johnson & Assocs. Medical Transcription Data Sec. Breach Litig.*, 717 F. Supp. 3d 1357, 1360 (J.P.M.L. 2024) ("Relevant documents and witnesses likely will be found in this district by virtue of [Defendant's] presence there."); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1374–75 (J.P.M.L. 2019) (same). Alternatively, the Northern District of California would be an appropriate venue in which to centralize the litigation.

Moreover, the Eastern District of California is a convenient and easily accessible location for this litigation because of its proximity to four major international airports, including Sacramento International Airport, Oakland International Airport, San Franscisco International Airport and San Jose International Airport. Accessibility to the Western District of Missouri is much more limited. The mere fact that the Western District of Missouri is centrally located geographically is not a sufficient basis to transfer this MDL there. *See In re AT&T Inc. Cellular Customer Data Sec. Breach Litig.*, No. MDL 3124, 2024 WL 4429233, at *3-4 (J.P.M.L. Oct. 4, 2024) (declining to transfer Snowflake MDL to the Western District of Oklahoma despite arguments made about its geographic centrality).

### *(ii)    The Overwhelming Majority of Cases Were Filed in the Eastern District of California*

Of the 47 actions that have been filed, 40 were filed in the Eastern District of California, with only seven (7) cases filed in other district courts. This factor weighs in favor of transferring the MDL to the Eastern District of California. *See In re: Equifax*, 289 F. Supp. 3d at 1326 (selecting transferee district in part because "[f]ar more actions are pending in this district than in any other court in the nation."); *In re MOVEit*, 699 F. Supp. 3d at 1407 ("[T]he District of Massachusetts is the appropriate transferee district for these cases. More cases are pending in this district than in any other district.").

Of the cases filed in other district courts, three were filed in the Northern District of California, two were filed in the Western District of Missouri, one was filed in the Eastern District of New York, and one in the Northern District of Illinois. Movants fail to show a compelling reason why all the related cases should be centralized in the Western District of Missouri where only two cases were filed. The cases should stay in the Eastern District of California and the small number of cases in other jurisdictions should be transferred into that district.

### *(iii)* *The Eastern District of California is Best Suited to Ensure Efficient Handling of this MDL*

The Panel often looks to a transferee forum "with a capacity and experience to steer [the] litigation on a prudent course." *In re Janus Mut. Funds Inv. Litig.*, 310 F. Supp. 2d 1359, 1361-62 (J.P.M.L. 2004). The Eastern District of California has the resources, judicial expertise, and experience to efficiently manage this MDL to effectuate the purpose of 28 U.S.C. § 1407.

Notably, there are presently no MDLs pending in the Eastern District of California[4] and that district has the capacity to handle this complex litigation. As Movants acknowledge in their MDL Motion, there are already four (4) MDLs pending in the Western District of Missouri where Movants seek to have this litigation transferred, including: *In re: Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litig.*, MDL -2936; *In re: Ahern Rentals, Inc., Trade Secret Litig.*, MDL-2945; *In re: Folgers Coffee Marketing and Sales Practices Litig.*, MDL-2984; and *In re: T-Mobile 2022 Customer Data Sec. Breach Litig.*, MDL-3073.[5] As to the other districts where cases are pending, the Northern District of Illinois has fourteen (14) pending MDLs, the Eastern District of New York has three (3) pending MDLs, and the Northern District of California has eighteen (18) pending MDLs.[6] As a less-utilized transferee forum with the resources, judicial experience, and capacity to steer this litigation on a prudent and expeditious course, the Eastern District of California is ideally suited to oversee this MDL. *See In re AT&T Inc. Cellular Customer Data Sec. Breach Litig.*, No. MDL 3124, 2024 WL 4429233, at *3 (J.P.M.L. Oct. 4, 2024) ("This litigation offers an opportunity to assign an MDL to an underutilized district that has the capacity to manage the MDL efficiently."); *In re RealPage*

---

[4] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-3-2025.pdf  (last accessed February 19, 2025).
[5] *Id*.
[6] *Id*.

*Antitrust Litig. II*, 2023 WL 2875737, at *2 (J.P.M.L. Apr. 10, 2023) ("[C]entralization in this district permits the Panel to assign this litigation to a less-utilized transferee forum with an experienced judge who has not yet overseen a multidistrict litigation."); *In re Perry Johnson & Assocs. Medical Transcription Data Sec. Breach Litig.*, 717 F. Supp. 3d 1357, 1360 (J.P.M.L. 2024) ("Assigning this litigation to Judge Rachel P. Kovner allows us to select a skilled jurist who has not yet had an opportunity to serve as a transferee judge."). The fact that it has been some time since the Eastern District of California has overseen an MDL only demonstrates that the district has the capacity and ability to oversee this MDL. The Eastern District of California is well-equipped with the resources, judicial expertise and experience to efficiently and prudently manage this litigation.

## IV.  CONCLUSION

For the reasons stated above, the Crockran Plaintiffs respectfully request that the Panel enter an order denying Movants' MDL Motion or, in the alternative, centralize and transfer this litigation to the Eastern District of California under 28 U.S.C. § 1407. Should the Panel not select the Eastern District of California as the transferee forum, the Crockran Plaintiffs request that the Panel centralize this litigation in the Northern District of California.

Dated: February 20, 2025                Respectfully submitted,

*/s/ Lori G. Feldman*
Lori G. Feldman
**GEORGE FELDMAN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Telephone: (917) 983-9321
lfeldman@4-justice.com
e-service@4-justice.com

Julie Liddell
Andrew Liddell

11

**EdTech Law Center PLLC**
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law

*Attorneys for Plaintiffs Gwendolyn Crockran, Denise Champney, and Nicole Drennen*

12