BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3149 |

THE GAURON PLAINTIFFS' INTERESTED PARTY RESPONSE
IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE FOR
COORDINATED PRETRIAL PROCEEDINGS UNDER 28 U.S.C. § 1407

Under 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Kelsey Gauron and her minor child, R.M., (the "*Gauron* Plaintiffs"), by and through undersigned counsel, submit this interested party response to the Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings Under 28 U.S.C. § 1407, filed by Plaintiffs J.I., A.J., and O.S., by and through her Next Friend, M.S. ("J.I. Plaintiffs").

## I. SUMMARY OF POSITION

The *Gauron* Plaintiffs believe this action is appropriate for transfer and coordination for pretrial purposes to the Eastern District of California, where Defendant PowerSchool is located, and the overwhelming number of cases are currently pending. The Parties with cases in the Eastern District of California, with only a few exceptions, have agreed to consolidate their cases in the District, and litigate the consolidated case in the District.[1] Defendant PowerSchool's headquarters and many of the necessary witnesses are also located in the District. Given the preference of most parties to litigate a consolidated case in the District, and the fact that Defendant and many relevant witnesses are located in the District, the Eastern District of California is the best district for transfer and coordination.

---

[1] The stipulation to consolidate is expected to be filed on or about February 20, 2025.

## II. LEGAL BASIS

Transfer is proper when it promotes "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. According to the Multidistrict Litigation Manual, "the Panel seeks to minimize the disruption its rulings will have on the choices for management of litigation made by the parties, and gives the parties' preferences definite consideration." Multidistrict Litigation Manual, § 5:20 (2023). The agreement of the parties in the case to be transferred is another important factor the Panel considers when determining if transfer is appropriate. *Id.*

## III. ARGUMENT

The Eastern District of California will best support the convenience of the parties and witnesses. Almost every plaintiff in this litigation filed in the District, indicating a willingness and desire to proceed in the District. Counsel, representing almost every plaintiff with a case pending in the Eastern District of California (37/40 cases), also agreed to consolidate their cases in the District, and Defendant PowerSchool has not opposed consolidation. Therefore, almost every party with a case in the Eastern District of California, the overwhelming number of cases filed nationwide, agreed to litigate in the forum. This makes sense because Defendant PowerSchool's principal place of business is in the District,[2] and many of the witnesses are likely to be located in the District and subject to the transferee court's subpoena power. The agreement between the plaintiffs and the location of PowerSchool in the District supports the statutory requirement that transfer be "for the convenience of the parties and witnesses," and weighs heavily in favor of transferring this litigation to the Eastern District of California. *See* Multidistrict Litigation Manual, § 5:34 (2023).

---

[2] https://www.powerschool.com/company/contact/ (identifying PowerSchool Headquarters as 150 Parkshore Drive, Folsom, California 95630).

The Western District of Missouri is not a serious alternative. While the District certainly has the "capacity and judicial resources necessary to manage a large MDL efficiently, and it has extensive experience overseeing complex litigation…," the same is true for many districts in the country. And while one judge in the District has managed two related data breach MDLs, many courts have managed data breach cases and there is no reason to believe, and none has been presented, that other courts in the country, including the Eastern District of California,[3] could not handle this data breach case.

Nor is the Western District of Missouri a particularly desirable location for nationwide litigation. There is only one major airport near the Western District of Missouri—the 42nd busiest in the country—whereas the Eastern District of California has four major airports nearby, Sacramento (37th busiest), San Francisco (13th busiest), Oakland (43rd busiest), and San Jose (40th busiest), as well as many smaller regional airports.[4] More importantly, there appears to be no relevant witnesses in or even near the District that would support sending the case to Missouri. The Eastern District of California, in contrast, is where PowerSchool maintains its office and where executives and other staff reside.

## IV.     CONCLUSION

The *Gauron* Plaintiffs support transfer and coordination for pretrial proceedings to the Eastern District of California. In the alternative, the *Gauron* Plaintiffs request the panel transfer this litigation to another district in California.

---

[3] The motions supporting transfer to the Western District of Missouri correctly note that the Eastern District of California is burdened with a large caseload, but there is nothing to indicate that judges in the Eastern District of California are categorically unable or unwilling to take on an MDL.

[4] *See* https://www.faa.gov/airports/planning_capacity/passenger_allcargo_stats/passenger/cy23_commercial_service_enplanements.

| | |
|---|---|
| Dated: February 20, 2025 | Respectfully submitted, |
| | By: /s/ *Leonard W. Aragon* |
| | Leonard W. Aragon |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| | 11 West Jefferson, Suite 1000 |
| | Phoenix, Arizona 85003 |
| | Tel: (602) 840-5900 |
| | Fax: (602) 840-3012 |
| | leonard@hbsslaw.com |
| | Counsel for Plaintiffs Kelsey Gauron and R.M. |