**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: POWERSCHOOL HOLDINGS, INC., AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3149 |

**BRIEF IN SUPPORT OF CENTRALIZATION IN THE EASTERN DISTRICT OR
NORTHERN DISTRICT OF CALIFORNIA**

Plaintiffs in (a) *Michelle La Count, et al. v. PowerSchool Holdings, Inc., et al.*, No. 2:25-cv-00209 (E.D. Cal.); (b) *Warren, et al. v. PowerSchool Holdings, Inc., et al.*, No. 2:25-cv-00427 (E.D. Cal.); (c) *Gramelspacher, et al. v. PowerSchool Holdings, Inc., et al.*, No. 2:25-cv-00271 (E.D. Cal.); (d) *Spicuzza, et al. v. PowerSchool Holdings, Inc., et al.*, No. 3:25-cv-01353 (N.D. Cal.); (e) *Pettinger et al. v. PowerSchool Group LLC, et al.*, No. 2:25-cv-00159 (E.D. Cal.); (f) *Lockhart, et al. v. PowerSchool Holdings, Inc., et al.*, No. 2:25-cv-00393 (E.D. Cal.); (g) *Strelzin et al. v. PowerSchool Group LLC, et al.*, No. 2:25-cv-00140 (E.D. Cal.); (h) *Habbal et al. v. PowerSchool Holdings, Inc.*, No. 2:25-cv-00173 (E.D. Cal.); (i) *A.A. v. PowerSchool Holdings, Inc., et al.*, 2:25-cv-00141 (E.D. Cal.); (j) *F.C. v. PowerSchool Holdings, Inc. et al.*, No. 2:25-cv-00136 (E.D. Cal.); (k) *E.H. v. PowerSchool Holdings, Inc.*, No. 2:25-cv-00152 (E.D. Cal.); (l) *Wright v. PowerSchool Holdings, Inc., et al.*, No. 3:25-cv-01543 (N.D. Cal.); (m) *Allen et al. v. PowerSchool Group LLC et al.*, No. 2:25-cv-00410 (E.D. Cal.); (n) *Valdovinos et al. v. PowerSchool Holdings, Inc. et al.*, No. 3:25-cv-01783 (N.D. Cal.); (o) *Baker v. PowerSchool Holdings, Inc. et al.*, No. 2:25-cv-00096 (E.D. Cal.); and (p) *Garcia, et al. v. PowerSchool Holdings, Inc., et al.*, No. 3:25-cv-01803 (N.D. Cal.) (collectively, "Plaintiffs"), submit this brief in support of the various motions to centralize this sprawling data breach class action and ask the

1

Panel to transfer the cases to the Eastern District of California or, alternatively, the Northern District of California.

The Eastern District of California is clearly the most natural jurisdiction for this matter. Both primary defendants in these cases, PowerSchool Holdings, Inc. and PowerSchool Group LLC ("PowerSchool" or "Defendants") reside in the Eastern District of California. Forty out of forty-nine cases are already pending there, although they have not yet been consolidated before a single judge. Should the Panel decide that another jurisdiction is more appropriate, Plaintiffs respectfully propose that the next most appropriate venue is the neighboring Northern District of California, where the Honorable William H. Orrick presides over the related PowerSchool cases venued there.

## FACTUAL AND PROCEDURAL BACKGROUND

PowerSchool provides cloud-based education software to more than 75% of the K-12 students in North America. *See* Compl. (Dkt. 1) ¶ 1.[1] In the course of providing its services, PowerSchool collects and maintains personally identifying information ("PII") and/or personal health information ("PHI") of nearly 72 million people, including teachers, staff, students, and their guardians. *Id.* PowerSchool markets itself as a safe and secure repository for sensitive information, but it failed to live up to its promises. Instead, PowerSchool left a treasure trove of sensitive information connected to an internet-facing system lacking adequate encryption and other reasonable data security protections. In December 2024, financially motivated hackers breached PowerSchool's inadequately secured systems, exploited PowerSchool's cybersecurity vulnerabilities, and exfiltrated the data. *Id.* ¶ 3.

---

[1] All "¶" references are to paragraphs in the Complaint filed in the *Spicuzza et al. v. PowerSchool Holdings, Inc. et al.* action, Case No. 3:25-cv-01353-WHO (N.D. Cal.).

Since the breach, plaintiffs have filed 49 federal actions in six districts, each of which are proposed class actions. The lion's share of these cases, 40, were filed in the Eastern District of California in Sacramento—about 20 miles from PowerSchool's headquarters in Folsom, California. Four cases were filed in the Northern District of California. Two are in the Western District of Missouri, one is in the Northern District of Illinois, one is in the Eastern District of New York, and one is in the Middle District of North Carolina. *See* Appendix A (listing Related Actions organized by district).

The Related Actions involve the same Defendants and assert overlapping allegations, claims, and requests for relief all arising from the same data breach. All Plaintiffs allege that PowerSchool stored PII and PHI and failed to adequately secure that data from malicious actors. All Plaintiffs assert similar causes of action on behalf of nationwide classes: e.g., negligence, breach of implied contract, and violations of state consumer protection laws. And all Plaintiffs seek damages arising out of the December 2024 breach. The Related Actions are also in a similar procedural posture, having all been filed in recent weeks.

On January 28, 2025, the plaintiffs in *J.I. et al. v. PowerSchool Holdings, Inc., et al.* No. 2:25-cv-04006 (W.D. Mo.) ("J.I. Plaintiffs") filed a Motion to Transfer and Consolidate for Coordinated Pretrial Proceedings under 28 U.S.C. § 1407, seeking transfer and centralization in the Western District of Missouri. On February 5, 2025, Plaintiff Shandrell Okoni filed a response opposing the J.I. Plaintiffs' motion and advocating that the Related Actions be transferred to the Eastern District of California or another California district for consolidated or coordinated proceedings.

## ARGUMENT

Plaintiffs agree that centralization of the Related Actions is appropriate here. But as set forth below, the prudent location for this litigation is in the Eastern District of California in Sacramento or, in the alternative, in the neighboring Northern District of California.

## I.     CENTRALIZATION OF THE RELATED ACTIONS IS WARRANTED UNDER 28 U.S.C. § 1407

"When civil actions involving one or more common questions of fact are pending in different districts," this Panel may transfer such actions "to any district for coordinated or consolidated pretrial proceedings," if transfer would serve "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Because each of these requirements are met here, the Panel should transfer the Related Actions to a single district for coordinated pretrial proceedings.

### A.     The Related Actions Involve Common Questions of Fact

For the purposes of Section 1407, common questions of fact exist where multiple actions assert similar "core factual allegations" and "can be expected to focus on a significant number of common events, defendants, and/or witnesses." *In re Unumprovident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F. Supp. 2d 1377, 1379 (J.P.M.L. 2003).

Here, the Related Actions share identical or overlapping questions of fact. The cases arise out of the same data breach and seek to hold the same Defendants to account. The cases will all involve investigating the facts surrounding PowerSchool's security practices, the particularities of the breach, the subsequent data exfiltration, and the resulting harm to individuals.

Moreover, the Panel routinely finds that similar data breach cases involve common questions of fact and are suitable for centralization. *See, e.g.*, *In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023) (centralizing eleven actions across

eight districts involving a data security breach of T-Mobile); *In re KeyBank Customer Data Sec. Breach Litig.*, 2023 WL 1811824 (J.P.M.L. 2023) (centralizing ten actions across at least three districts involving a data security breach of Key Bank); *In re Samsung Customer Data Sec. Breach Litig.*, 2023 WL 1811247 (J.P.M.L. 2023) (centralizing nine actions across four districts involving a data security breach of Samsung). There is no reason to diverge from the Panel's precedent here.

**B.  Centralization Would Serve the Convenience of the Parties and Witnesses and Promote Judicial Economy**

Transfer, centralization, and coordination of the Related Actions would also serve the interests of "the convenience of parties and witnesses and . . . promote the just and efficient conduct" of the Related Actions. 28 U.S.C. § 1407(a).

The plaintiffs in the Related Actions all require similar evidence to support their claims. Absent centralization, PowerSchool would need to coordinate redundant and duplicative discovery across dozens of cases. Plaintiffs would also seek to depose the same witnesses separately in each case. Fortunately, Section 1407 exists to address and remedy such inefficiencies and inconveniences. Centralization will also reduce the burden on the federal judiciary, allowing one judge to handle disputes that would otherwise be disbursed across the country. In sum, centralizing the case will undoubtedly have "the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." *In re Cook Med., Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, 949 F. Supp. 2d 1373, 1375 (J.P.M.L. 2013); *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014) ("Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial

5

proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands.").

Informal coordination is impracticable under these facts. This data breach involves claims by roughly 72 million individuals, and dozens of law firms have filed overlapping cases in six federal courts, with more cases likely to follow. Under similar circumstances, this Panel has recognized the informal coordination is not a realistic solution. *See, e.g.*, *In re: 23andMe, Inc., Customer Data Sec. Breach Litig.*, 730 F. Supp. 3d 1352, 1353 (J.P.M.L. 2024) (informal coordination infeasible given filings by forty-eight plaintiffs' firms, where two actions opposed transfer); *In re: 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F.Supp.3d 1357, 1358 (J.P.M.L. 2016) (informal coordination found "not practicable" given 16 putative class actions filed in three districts, two million affected customers, and likelihood of additional cases forthcoming); *In re: AndroGel Prod. Liab. Litig.*, 24 F. Supp. 3d 1378, 1379 (J.P.M.L. 2014) (rejecting alternatives to centralization because they "would delay the resolution of the common core issues in this litigation"). The scope of this case and continued influx of new cases distinguishes it from cases where the Panel has favored informal coordination. *See, e.g.*, *In re: Dickey's Barbecue Rests., Inc., Customer Data Sec. Breach Litig.*, 521 F. Supp. 3d 1355 (J.P.M.L. 2021) (favoring informal coordination given six actions on file in three districts and small number of cases filed after centralization motion filed).

For these reasons, Plaintiffs respectfully request the Panel transfer and centralize the Related Actions in the interests of justice and efficiency.

## II.   THE PANEL SHOULD TRANSFER THE RELATED ACTIONS TO THE EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)

While the Eastern District of California is one reasonable transferee court for this matter, the Northern District of California is a sensible alternative in the event that the Eastern District is

at capacity managing other cases. In determining the appropriate transferee district, the Panel may consider (1) whether the district "offers a forum that is both convenient and accessible for the parties and witnesses"; (2) the location of "relevant witnesses and evidence"; (3) the positions of the parties; and (4) the experience of the transferee judge and district in navigating the "nuances of complex and multidistrict litigation[.]" *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). But docket conditions also are a critical factor and the interests of justice require sending the cases to a "court that has the resources available to manage this litigation." *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007). The Eastern District of California (Sacramento) and the Northern District of California are both suitable venues for this litigation. Each District has advantages.

The Eastern District of California's Sacramento courthouse is the clear center of gravity of these cases. PowerSchool's headquarters is located in nearby Folsom, California, and counsel's investigation suggests that most of the relevant witnesses are located in the Sacramento area. Transferring the case to Sacramento would simplify and streamline depositions and in-person discovery. Crucially, it would also ease the burden on most witnesses who will testify at or attend key hearings or trial. Sacramento also is where the overwhelming majority of cases are pending. *See, e.g.*, *In re Tasigna (Nilotinib) Prods. Liab. Litig.*, 555 F. Supp. 3d 136, 1365 (J.P.M.L. 2021) (Middle District of Florida was the appropriate transferee district as "[m]ore cases are pending in this district than any other district."). Finally, the Eastern District currently has zero pending MDLs,[2] despite boasting numerous judges who are highly experienced and capable of handling large, complex cases.

---

[2] Source: MDL Statistics Report – Distribution of Pending MDL Dockets by District (last updated February 3, 2025).

Plaintiffs are mindful that judges in the Eastern District have busy dockets and heavy caseloads. As of mid-2024, the Eastern District had some of the highest caseloads in the country, with an average weighted caseload of 793 per District Judge.[3] These figures may have eased slightly with the confirmation of Judge Dena Coggins in September 2024. Three Senior Judges also continue to handle cases, along with a robust bench of Magistrate Judges, two of whom were appointed in 2024. As more recent appointees gain experience, these judges will be able to more efficiently manage their sizeable dockets and any backlog. Moreover, there are no MDLs pending in the Eastern District of California, suggesting that this District may yet have the capacity to handle a relatively streamlined class MDL .

## III.   THE NORTHERN DISTRICT OF CALIFORNIA IS THE MOST SUITABLE ALTERNATIVE VENUE FOR THIS MATTER

If the Panel decides to look beyond the Eastern District of California, the Northern District of California is the sensible runner up. While mindful of the frequency of requests to centralize matters in the Northern District of California, sending these cases to the Northern District as an alternative is particularly appropriate here. San Francisco is just a 90-minute drive from PowerSchool's headquarters and there are frequent commuter trains from Sacramento to Oakland, which would allow the parties to easily and efficiently coordinate depositions and trial appearances. The average weighted filings of the 14 judgeships in the Northern District of California is 521.[4] In recent years, the Northern District of California has benefitted from several judicial appointments, including Judge Jacqueline Scott Corley, Judge Trina Thompson, Judge Martínez-Olguín, Judge P. Casey Pitts, Judge Rita F. Lin, Judge Eumi K. Lee, and Judge Noël Wise.

---

[3] Source: US Courts Form X-1A, "U.S. District Courts—Weighted and Unweighted Filings per Authorized Judgeship During the 12-Month Period Ending June 30, 2024".
[4] *Id.*

Most importantly, judges in the Northern District are well-versed in multidistrict litigation and data breach cases. Judge William H. Orrick III currently presides over the lowest-numbered case in the Northern District of California and would be an exceptional choice to preside here. He is an experienced MDL jurist, who would have little trouble managing this matter. Judge Orrick currently oversees one MDL—*In re: Juul Labs, Inc. Mktg., Sales Pracs., and Prods. Liab. Litig.*, MDL No. 2913. That case has largely concluded, with several settlements distributed and only a handful of remaining individual actions pending before the Court with remand looming. *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 19-MD-02913-WHO, 2024 WL 2202009, at *1 (N.D. Cal. May 15, 2024); *In re Juul Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 22-16693, 2024 WL 4648010, at *1 (9th Cir. Aug. 5, 2024). Judge Orrick is also well-versed in issues that frequently arise in data privacy and security class actions. *See, e.g.*, *Doe v. Hey Favor, Inc. et al.*, No. 3:23-CV-00059 (N.D. Cal.); *E.H. v. Meta Platforms, Inc.*, No. 23-CV-04784-WHO, 2024 WL 557728, at *1 (N.D. Cal. Feb. 12, 2024); *Doe v. Regents of Univ. of Cal.*, 672 F. Supp. 3d 813 (N.D. Cal. 2023); *Schmitt v. SN Servicing Corp.*, No. 21-CV-03355-WHO, 2021 WL 5279822 (N.D. Cal. Nov. 12, 2021). There are currently four cases pending in the Northern District—the second most of any District—each of which is in the process of being related before Judge Orrick.

The remaining four forums with pending cases—the Western District of Missouri, the Northern District of Illinois, the Eastern District of New York, and the Middle District of North Carolina—are not well-suited to this MDL. All four Districts are far from the witnesses and evidence in Folsom, California. These Districts are also busy. As of mid-2024, the Northern District of Illinois has nearly the same number of weighted filings (791 per judgeship) as the

Eastern District of California.[5] And the Eastern District of New York had higher weighted filings (590 per judgeship) than the Northern District of California.[6] The Western District of Missouri is not far behind at 425 filings per judgeship, with a higher proportion of urgent and time-sensitive criminal filings to manage.[7] All four Districts also have MDLs pending that demand judicial resources—fourteen in the Northern District of Illinois, three in the Eastern District of New York, four pending in the Western District of Missouri, and one in the Middle District of North Carolina.[8]

## CONCLUSION

For these reasons, Plaintiffs respectfully move the Panel to transfer and centralize the Related Actions to the Eastern District of California (Sacramento) or the Northern District of California before the Hon. William H. Orrick.


Dated: February 24, 2025                           Respectfully submitted,

                                                   /s/ *Adam E. Polk*
                                                   Adam E. Polk (State Bar No. 273000)
                                                   Patrick T. Johnson (State Bar No. 329580)
                                                   **GIRARD SHARP LLP**
                                                   601 California Street, Suite 1400
                                                   San Francisco, California 94108
                                                   Telephone: (415) 981-4800
                                                   Facsimile: (415) 981-4846
                                                   Email: apolk@girardsharp.com
                                                   Email: pjohnson@girardsharp.com

                                                   **GIBBS LAW GROUP LLP**
                                                   David Berger (State Bar No. 277526)
                                                   Jane Farrell (State Bar No. 333779)

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Source: MDL Statistics Report – Distribution of Pending MDL Dockets by District (last updated February 3, 2025).

Sarah E. Hillier (*pro hac vice* forthcoming)
Jennifer Sun (State Bar No. 354276)
1111 Broadway, Ste. 2100
Oakland, CA 94607
Tel: 510-350-9700
dmb@classlawgroup.com
jgf@classlawgroup.com
seh@classlawgroup.com
jsun@classlawgroup.com

*Counsel for Plaintiffs Christina Spicuzza, E.S., C.S., and the Proposed Class*


/s/ Anne K. Davis (with consent)
Anne K. Davis
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
adavis@bfalaw.com

*Counsel for Plaintiffs Samariah Lockhart, P.M., Justine Shamey, A.B., Kristin Eckart, J.E. and T.E., and Cara Lewis, M.L. and A.L., Ashley Wright, A.B., and the Proposed Class.*

Amber L. Schubert
**SCHUBERT JONCKHEER & KOLBE**
2011 Union St., Suite 200
San Francisco, CA 94128
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
E-mail: aschubert@sjk.law

Jonathan M. Jagher
**FREED KANNER LONDON & MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
610.234.6486
jjagher@fklmlaw.com

Nicholas R. Lange
**FREED KANNER LONDON & MILLEN**

11

**LLC**
100 Tri-State International Drive, Suite 128
Lincolnshire, IL 60629
224.632.4500
nlange@fklmlaw.com

*Counsel for Plaintiffs Jill Strelzin, J.S., R.S., and the Proposed Class*

*/s/ John J. Nelson (with consent)*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
John J. Nelson (State Bar No. 317598)
280 S. Beverly Drive
Beverly Hills, CA 90212
Tel: (858) 209-6941
jnelson@milberg.com

*Counsel for Plaintiff F.C.*

*/s/ John J. Nelson (with consent)*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
John J. Nelson (State Bar No. 317598)
280 S. Beverly Drive
Beverly Hills, CA 90212
Tel: (858) 209-6941
jnelson@milberg.com

Courtney E. Maccarone
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: cmaccarone@zlk.com

*Counsel for Plaintiff E.H.*

*/s/ John J. Nelson (with consent)*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
John J. Nelson (State Bar No. 317598)
280 S. Beverly Drive

Beverly Hills, CA 90212
Tel: (858) 209-6941
jnelson@milberg.com

**THE MILLER LAW FIRM, P.C.**
Emily E. Hughes (MI State Bar No. 68724)
950 W. University Drive, Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
eeh@millerlawpc.com

*Counsel for Plaintiffs Ratib Habba and Rushda Afzal.*

*/s/ Raina Borrelli (with consent)*
Raina Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
T: (872) 263-1100
F: (872) 263-1109
raina@straussborrelli.com

*Counsel for Plaintiffs Robert Pettinger, B.P, Kylie Stowe, and Z.S., and the Proposed Class*

*/s/ M. Anderson Berry (with consent)*
M. Anderson Berry (SBN 262879)
aberry@justice4you.com
Gregory Haroutunian (SBN 330263)
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento CA 95825
Telephone: (916) 239-4778

Paul M. DeMarco (SBN 112834)
pdemarco@msdlegal.com
**MARKOVTIS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219

13

*Counsel for Plaintiff A.A. and the Proposed Class*

/s/ Amber L. Schubert (with consent)
Amber L. Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
2011 Union St., Suite 200
San Francisco, CA 94128
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
aschubert@sjk.law

Edward F. Haber (BBO# 215620)
Ian J. McLoughlin (BBO# 647203)
**SHAPIRO HABER & URMY LLP**
One Boston Place, Suite 2600
Boston, MA 02108
Tel: (617) 439-3939
Fax: (617) 439-0134
ehaber@shulaw.com
imcloughlin@shulaw.com

*Counsel for Plaintiffs Jessica Allen, Jenna Berry,*
*C.A. and G.B.*

/s/ Amber L. Schubert (with consent)
Amber L. Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
2011 Union St., Suite 200
San Francisco, CA 94128
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
aschubert@sjk.law

*Counsel for Plaintiffs Greghk Valdovinos,*
*N.V., and E.V.*

/s/ Eric Lechtzin (with consent)
Eric Lechtzin (SBN 248958)
Marc H. Edelson
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Phone: (215) 867-2399
elechtzin@edelson-law.com

14

medelson@edelson-law.com

*Counsel for Plaintiff Baker and the Proposed Class*

APPENDIX A

| | Docket Number | Case Name | Original District | Date Filed |
|---|---|---|---|---|
| 1 | 2:25-cv-00093 | Sheilah Buack-Shelton et al. v. PowerSchool Holdings, Inc. | Eastern District of California | 1/8/2025 |
| 2 | 2:25-cv-00096 | Baker v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/9/2025 |
| 3 | 2:25-cv-00098 | Kinney v. PowerSchool Holdings, Inc. | Eastern District of California | 1/9/2025 |
| 4 | 2:25-cv-00110 | Vargha v. PowerSchool Holdings, Inc. | Eastern District of California | 1/10/2025 |
| 5 | 2:25-cv-00136 | F.C. v. Powerschool Group LLC et al. | Eastern District of California | 1/10/2025 |
| 6 | 2:25-cv-00139 | Giles v. PowerSchool Holdings, Inc. | Eastern District of California | 1/10/2025 |
| 7 | 2:25-cv-00140 | Strelzin v. PowerSchool Group, LLC et al. | Eastern District of California | 1/10/2025 |
| 8 | 2:25-cv-00141 | A.A. v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/10/2025 |
| 9 | 2:25-cv-00152 | E.H. v. PowerSchool Holdings, Inc. | Eastern District of California | 1/13/2025 |
| 10 | 2:25-cv-00159 | Pettinger et al. v. PowerSchool Group LLC et al. | Eastern District of California | 1/13/2025 |
| 11 | 2:25-cv-00165 | Martinez-Turnbow v. PowerSchool Holdings, Inc. | Eastern District of California | 1/13/2025 |
| 12 | 2:25-cv-00171 | Crockran v. PowerSchool Holdings, Inc. | Eastern District of California | 1/14/2025 |
| 13 | 2:25-cv-00173 | Habbal. et al. v. PowerSchool Holdings, Inc. | Eastern District of California | 1/14/2025 |
| 14 | 2:25-cv-00208 | GRECI et al. v. PowerSchool Holdings, Inc. | Eastern District of California | 1/14/2025 |
| 15 | 2:25-cv-00203 | Mayfeild v. Powerschool Group LLC et al. | Eastern District of California | 1/14/2025 |

| | Docket Number | Case Name | Original District | Date Filed |
|---|---|---|---|---|
| 16 | 2:25-cv-00204 | Arede v. PowerSchool Holdings, Inc. | Eastern District of California | 1/14/2025 |
| 17 | 2:25-cv-00206 | Griffin & Z.G. v. PowerSchool Group LLC | Eastern District of California | 1/14/2025 |
| 18 | 2:25-cv-00207 | White v. PowerSchool Holdings, Inc. | Eastern District of California | 1/15/2025 |
| 19 | 2:25-cv-00209 | La Count et al. v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/15/2025 |
| 20 | 2:25-cv-00210 | Keigley v. PowerSchool Group LLC et al. | Eastern District of California | 1/15/2025 |
| 21 | 2:25-cv-00211 | Champney et al. v. PowerSchool Holdings, Inc. | Eastern District of California | 1/15/2025 |
| 22 | 2:25-cv-00230 | Schwartz v. PowerSchool Holdings, Inc. | Eastern District of California | 1/16/2025 |
| 23 | 2:25-cv-00232 | FLICK et al. v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/16/2025 |
| 24 | 2:25-cv-00231 | Okoni et al. v. PowerSchool Group, LLC et al. | Eastern District of California | 1/16/2025 |
| 25 | 2:25-cv-00252 | Faircloth v. POWERSCHOOL GROUP LLC et al. | Eastern District of California | 1/17/2025 |
| 26 | 2:25-cv-00259 | Zarif v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/21/2025 |
| 27 | 2:25-cv-00256 | Brown et al. v. PowerSchool Holdings, Inc. | Eastern District of California | 1/21/2025 |
| 28 | 2:25-cv-00271 | Gramelspacher v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/22/2025 |
| 29 | 2:25-cv-00310 | Campbell v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/23/2025 |
| 30 | 2:25-cv-00393 | Lockhart et al. v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/28/2025 |

| | Docket Number | Case Name | Original District | Date Filed |
|---|---|---|---|---|
| 31 | 2:25-cv-00410 | Allen et al. v. POWERSCHOOL GROUP, LLC et al. | Eastern District of California | 1/29/2025 |
| 32 | 2:25-cv-00431 | August v PowerSchool Holdings LLC | Eastern District of California | 1/30/2025 |
| 33 | 2:25-cv-00426 | Stringer v. PowerSchool Group, LLC | Eastern District of California | 1/31/2025 |
| 34 | 2:25-cv-00427 | Warren et al. v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 1/31/2025 |
| 35 | 2:25-cv-00444 | Hisserich v PowerSchool Holdings | Eastern District of California | 2/3/2025 |
| 36 | 2:25-cv-00485 | Noble v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 2/7/2025 |
| 37 | 2:25-cv-00498 | Behar v PowerSchool Group, LLC et al. | Eastern District of California | 2/11/2025 |
| 38 | 2:25-cv-00514 | TILLMAN v. PowerSchool Group LLC and PowerSchool Holdings Inc. | Eastern District of California | 2/13/2025 |
| 39 | 2:25-cv-00485 | Gauron v. PowerSchool Holdings, Inc. | Eastern District of California | 2/13/2025 |
| 40 | 2:25-cv-00517 | JOSEPH et al. v. PowerSchool Holdings, Inc. et al. | Eastern District of California | 2/13/2025 |
| 41 | 3:25-cv-01353 | Spicuzza et al. v. PowerSchool Holdings, Inc. et al. | Northern District of California | 2/7/2025 |
| 42 | 3:25-cv-01543 | Wright v. PowerSchool Holdings, Inc. and PowerSchool Group LLC | Northern District of California | 2/13/2025 |
| 43 | 3:25-cv-01783 | Valdovinos v. PowerSchool Holdings, Inc. and PowerSchool Group LLC | Northern District of California | 2/19/2025 |
| 44 | 3:25-cv-01803 | Garcia, et al. v. PowerSchool Holdings, Inc., et al., | Northern District of California | 2/20/2025 |
| 45 | 2:25-cv-04006 | J.I., et al. v. PowerSchool Holdings, Inc., et al. | Western District of Missouri | 1/14/2025 |

| | Docket Number | Case Name | Original District | Date Filed |
|---|---|---|---|---|
| 46 | 4:25-cv-00057 | Krutsinger v. PowerSchool Holdings, Inc. et al | Western District of Missouri | 1/28/2025 |
| 47 | 2:25-cv-00327 | J.B. et al. v. PowerSchool Holdings, Inc. | Eastern District of New York | 1/17/2025 |
| 48 | 1:25-cv-01549 | Campbell v. PowerSchool Holdings, Inc. et al. | Northern District of Illinois | 2/13/2025 |
| 49 | 1:25-cv-127 | Greer v. PowerSchool Holdings, Inc. and PowerSchool Group LLC | Middle District of North Carolina | 2/20/2025 |