BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 3149 |

PLAINTIFFS J.I., A.J., O.S., and M.S.'s REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO
THE WESTERN DISTRICT OF MISSOURI PURSUANT TO
28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS

The twenty responses to the Motion for Transfer reveal most parties agree this litigation should be centralized, and a number of parties support transfer to the Western District of Missouri. While a slim majority of the parties advocate for centralization in the Eastern District of California, that district is heavily burdened with cases, which causes significant delays in the litigation process. *United States v. Hemdan*, 2025 WL 41797, at *1 (E.D. Cal. Feb. 6, 2025). Its judges each oversee a staggering 1,300 pending cases, and the median civil case takes almost five and a half years to proceed from initial filing to trial.[1] These docket conditions simply do not allow the Eastern District of California to efficiently manage an MDL of this scale.

In the alternative, approximately six of the twenty responses suggest the Northern District of California as a possible forum for centralization. However, its docket conditions do not fare much better. Judges in the Northern District of California carry over 900 cases each, and it takes a median of nearly three years for a civil case to proceed from filing to trial.[2] Additionally, as of February 3, 2025, there are 18 pending MDL actions in the Northern District of California.[3] Judge James Donato, one of the Northern District of California judges suggested for centralization, is

---
[1] https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distprofile1231.2024.pdf.
[2] https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distprofile1231.2024.pdf.
[3] https://jpml-ecf.sso.dcn/cgi-bin/JPML_Stats.pl?106469204136092-L_612_0-1.

1

already overseeing *In Re: Google Play Store Antitrust Litigation*, MDL 2981 (N.D. Cal.), a complex antitrust MDL.

A few parties also suggest centralization in either the Eastern District of New York or the Northern District of Illinois. But these districts face similar resource constraints. Judges in both districts carry over 900 cases each, with the median time from filing to trial running at just over four years.[4] Additionally, the Northern District of Illinois currently oversees 14 MDL cases.[5]

This data breach involves over 60 million affected users of the PowerSchool platform. These injured persons span all across the United States. The Western District of Missouri, the most centrally located venue, is the logical location for centralization, as it has the necessary experience, expertise, and capacity to manage this massive nationwide litigation.

I. **Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407 Because There Are Common Questions of Fact.**

No party seriously challenges the scores of cases pending around the country arise from a common nucleus of facts that will impact all cases. The Panel's recent precedent involving data breach cases confirms centralization is appropriate under these circumstances. *See, e.g.*, *In re AT&T Inc. Cellular Customer Data Sec. Breach Litig.*, 2024 WL 4429233 (J.P.M.L. Oct. 4, 2024); *In re Fotra Transfer Software Data Sec. Breach Litig.*, 2024 WL 436478, at *1 (J.P.M.L. Feb. 5, 2024); *In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 677 F. Supp. 3d 1366 (J.P.M.L. 2023).

Allowing the Related Actions to proceed independently would almost guarantee duplication of discovery, resulting in overlapping motion practice and risk inconsistent rulings, meaning transfer and coordination for pretrial proceedings is necessary and appropriate. Indeed,

---

[4] https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distprofile1231.2024.pdf.
[5] https://jpml-ecf.sso.dcn/cgi-bin/JPML_Stats.pl?106469204136092-L_612_0-1.

the Related Actions all involve common issues of fact—a massive data breach. Centralization will promote the convenience of the parties and witnesses and the just and efficient conduct of the litigation. *See* 28 U.S.C. §1407.

Accordingly, the Panel should transfer and consolidate the Related Actions in a single district.

## II. The Western District of Missouri Is the Most Appropriate Transferee Forum Under a Balancing of the Factors.

Several parties agree the Western District of Missouri is the most appropriate forum for centralization. There are now four cases pending against PowerSchool in the Western District of Missouri. Several of the cases are pending in front of Judge Stephen Bough, who is an excellent candidate to take charge of this litigation.

The Western District of Missouri maintains a relatively light caseload, with approximately 415 pending cases per judge and a median time from filing to trial of under two years—far lower than any other proposed forum.[6] Judge Bough does currently preside over one MDL, *In Re: Smitty's/CAM2 303 Tractor Hydraulic Fluid Marketing, Sales Practices and Products Liability Litigation*, MDL 2936 (W.D. Mo.), 4:20-md-02936-SRB, but it is nearing resolution.[7] The Court granted preliminary approval of the settlement on October 3, 2024 [Doc. 111], and the final fairness hearing is set for March 26, 2025 [Doc. 112].

The Western District of Missouri also has experience presiding over nationwide data breach cases involving millions of affected people. Judge Brian Wimes currently oversees *In Re: T-Mobile 2022 Customer Data Security Breach Litigation*, MDL 3073 (W.D. Mo.), the second T-Mobile data breach MDL assigned to Judge Wimes. The first was *In Re: T-Mobile Customer Data*

---

[6] https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distprofile1231.2024.pdf
[7] https://jpml-ecf.sso.dcn/cgi-bin/JPML_Stats.pl?106469204136092-L_612_0-1

*Security Breach Litigation*, MDL 3019 (W.D. Mo.), which resolved in less than one year. The litigation of these cases shows that the Western District of Missouri has an excellent track record for handling massive data breach MDLs in an effective and efficient manner. There is no doubt that Judge Bough would be able to effectively and efficiently preside over this data breach litigation.

While some parties emphasize that PowerSchool is headquartered in California, modern litigation practices—including video conferencing and electronic discovery—have made the physical location of the defendant far less significant to the evaluation than the district's ability to efficiently manage the litigation. Discovery in data breach cases is now almost entirely conducted through electronic means, minimizing any burden associated with geographic location. By contrast, when in-person appearances are necessary, the Western District of Missouri offers a central geographic location and accessible forum where parties can easily appear from anywhere in the country.

Nor does the fact that most cases were filed in the Eastern District of California weigh against centralization in the Western District of Missouri. The location of initial filings is not dispositive, particularly given that the Related Actions are all in their early stages, meaning no court has invested significant judicial resources on them. *See* Manuel for Complex Litigation, Fourth § 20.131 (2004) (explaining that no single factor is dispositive); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 366 F. Supp. 3d 1368, 1369–1370 (J.P.M.L. 2019) (selecting the Northern District of Florida because it had "the necessary judicial resources and expertise to manage [the nationwide] litigation efficiently"—even though *no* cases in the original schedule were filed there, and *only 10* of the 635 related cases were pending there at the time of transfer).

In sum, the Western District of Missouri's judicial capacity, experience with similar MDL

cases, and central location make it the most suitable forum for consolidating and managing these cases.

### III.     CONCLUSION

For the reasons set forth above, Plaintiffs J.I., A.J., O.S. and M.S. respectfully request that the Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed Related Actions, to the Western District of Missouri, specifically Judge Stephen Bough, for coordinated and consolidated pretrial proceedings.

Dated: February 27, 2025                    Respectfully submitted,

*[signature: Maureen M. Brady]*

_____
Maureen M. Brady     MO #57800
Lucy McShane          MO #57957
MCSHANE & BRADY, LLC
4006 Central Street
Kansas City, MO 64111
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
          lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFF J.I., A.J., and O.S. by and through her Next Friend M.S.**