**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE POWERSCHOOL HOLDINGS, INC. AND POWERSCHOOL GROUP, LLC CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No.: 3149 |

**INTERESTED PARTY RESPONSE IN SUPPORT OF CONSOLIDATION IN THE U.S.
DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

Plaintiffs A.C. and C.C., minors, by their parent Andrew Cook[1] ("Cook Plaintiffs"), respectfully submit this Interested Party Response to the pending Motion to Transfer and Consolidate, pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  MDL No. 3149, Dkt. No. 1-1.  Cook Plaintiffs agree with Movants J.I., A.J., and O.S., and other respondents, that the related actions should be consolidated for pretrial proceedings.  Consolidation would promote efficiency, judicial economy, convenience of the parties and witnesses, and just resolution of the claims.  However, for reasons set forth below, Cook Plaintiffs respectfully submit that the Southern District of California is the most appropriate transferee forum.

To select a transferee district, the Panel "uses no single factor," but instead considers several factors:

> [1] where the largest number of cases is pending, [2] where discovery has occurred, [3] where cases have progressed furthest, [4] the site of the occurrence of the common facts, [5] where the cost and inconvenience will be minimized, and [6] the experience, skill, and caseloads of available judges.

---

[1] *Cook v. PowerSchool Holdings Inc. et al*., 3:25-cv-00501-AJB-DEB, was filed in the Southern District of California on March 4, 2025 and is currently pending before District Judge Anthony J. Battaglia and Magistrate Judge Daniel E. Butcher.

Man. for Complex Litig., § 20.131 (4th ed. 2004).  Movants and other interested parties have variously proposed the Eastern District of California, the Northern District of California, the Western District of Missouri, and the Northern District of Illinois as candidate transferee forums. The Southern District of California is the best compromise among the proposed forums under the multifactor analysis. Unlike the Missouri and Illinois districts, the Southern District of California is in the same state and circuit as the district in which a majority of the actions were filed and where the Defendant is headquartered.  The Southern District of California is similarly convenient for the parties as the other proposed California districts, but without their severely overcrowded dockets.

**Docket conditions weigh strongly against transfer to the Eastern and Northern Districts of California and the Northern District of Illinois.**  The Southern District of California has the capacity and judicial resources to efficiently manage a data security MDL and advance the cases toward resolution.  For calendar year 2024, the Southern District of California ranked only seventy-third in the nation for the number of civil filings per judgeship, and sixty-fifth in the nation for the number of pending actions per judgeship.[2]   Its judges oversee 383 pending actions on average,[3] and only three MDL dockets are currently pending in the Southern District of California.[4]

Conversely, docket congestion in the Eastern District of California, the Northern District of California, and the Northern District of Illinois militates against transfer to those forums.

---

[2] *United States District Courts — National Judicial Caseload Profile*, FED. CT. MGMT. STATS., 69 (Dec. 31, 2024), https://www.uscourts.gov/data-news/data-tables/2024/12/31/federal-court-management-statistics/n-a-1.

[3] *Id.*

[4] *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, JPML (Mar. 3, 2025) https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-3-2025.pdf.

Transfer to a judge with one of the heaviest caseloads in the country would contradict the efficiency goals of 28 U.S.C. § 1407.

If the Panel considered only the first factor—"where the largest number of cases is pending"—it would select the Eastern District of California, where an overwhelming majority of the related actions were filed. However, as the Movants assert, the Eastern District of California simply could not manage an MDL of this scale efficiently given docket conditions. *See* Dkt. No. 118 at 1. For calendar year 2024, the Eastern District of California ranked **number one in the nation** for the highest number of civil filings per judgeship, and seventh in the nation for the number of pending actions per judgeship.[5] Each of its judges have a staggering caseload of over 1,300 pending actions on average, and the median civil case takes over five years to proceed from filing to trial.[6]

The Northern District of California and Northern District of Illinois are not far behind. The Northern District of California ranked tenth in the nation for number of civil filings per judgeship, and twelfth in the nation for number of pending cases per judgeship.[7] Each judge oversees more than 900 pending actions on average[8], and there are already eighteen MDL dockets pending there.[9] Similarly, the Northern District of Illinois ranks twelfth in the nation for number of civil filings per judgeship, and eleventh in the nation for number of pending cases per judgeship.[10] Each judge

---

[5] *United States District Courts — National Judicial Caseload Profile*, Fed. Ct. Mgmt. Stats., 67.
[6] *Id.*
[7] *Id.* at 66.
[8] *Id.*
[9] *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, JPML.
[10] *United States District Courts — National Judicial Caseload Profile*, Fed. Ct. Mgmt. Stats., 47.

oversees more than 1,000 pending actions on average[11], and the median civil case takes over four years to proceed from filing to trial.[12] There are already fourteen MDL dockets pending there.[13]

Movants and respondents seeking transfer to the Western District of Missouri emphasize its comparatively light caseloads.[14]  But the Southern District of California outperforms even the Western District of Missouri on this metric. [15]

*The Southern District of California is the nearest viable district to the geographical center of gravity.*  Cook Plaintiffs agree with Defendant PowerSchool that California is the "center of gravity" for this litigation.  JPML No. 3149, Dkt. No. 97.  The overwhelming majority of actions were filed in California, PowerSchool is headquartered in California, and many of the relevant witnesses and evidence are likely to be in California.  Of the proposed districts, the Southern District of California is the nearest district to the true center of gravity without a prohibitively overburdened docket.  If transferred to the Southern District of California, the litigation would remain in the same state, federal circuit, and time zone as it would if it were transferred to the Eastern District of California, where most of the actions were filed. *See. e.g.*, *In re Cal. Retail Natural Gas and Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) (concluding that the "appropriate transferee forum … is a district adjacent to California still within the same circuit, because of the potential recusal issues affecting the availability of a judge in any California district").  The District Court for the Southern District of California is located in San Diego, which

---

[11] *Id.*

[12] *Id.*

[13] *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, JPML.

[14] *See* MDL No. 3149, Dkt. No. 65 (Plaintiff Krutsinger); Dkt. No. 79 (Plaintiff Stringer); Dkt. No. 89 (Plaintiff Noble); No. 118 (Plaintiffs-Movants J.I., A.J., and M.S.).

[15] The Western District of Missouri ranked fifty-third in the nation for the number of civil filings per judgeship, and sixty-fifth in the nation for the number of pending actions per judgeship. *United States District Courts — National Judicial Caseload Profile*, FED. CT. MGMT. STATS., 60.

has a major international airport, which makes travel easily accessible to any out-of-state parties or counsel.

**District Judge Anthony J. Battaglia and Magistrate Judge Daniel E Butcher have the time, experience, and expertise to efficiently manage the litigation**.  Judge Battaglia and Magistrate Judge Butcher in the Southern District of California are excellent candidates to preside over the MDL.  Judge Battaglia assumed Senior status in March of 2021, and therefore has a reduced caseload.  Judge Battaglia is experienced in presiding over complex cases.  He currently presides over several data privacy class actions.  *Flores et al v. The Computer Merchant, LTD.*, 3:25CV00038; *Rodriguez v. Culligan International Company*, 3:25CV00225; *Maghoney v. Dotdash Media, Inc.*, 3:24CV02394; *G.M. v. Ideal Image Development Corporation*, 3:24CV02297.  And he has presided over other data privacy class actions in the recent past, such as *Doe v. Davita, Inc.*, 3:23CV01424; *Hunthausen v. Buzzfeed, Inc.*, 3:23CV00900; and *Trim v. CMRE Financial Services, Inc.*, 3:20CV00451.  Magistrate Judge Butcher is also well-versed in complex cases as well as data privacy litigation.  Neither Judge currently presides over any other MDL, so they would be able to devote the necessary time and attention to this litigation.

For the reasons set forth above, the Cook Plaintiffs respectfully request that the Panel transfer the related actions to the Southern District of California, specifically Judge Anthony J. Battaglia and Magistrate Judge Daniel E Butcher, for pretrial proceedings.

Date: March 14, 2025

Respectfully submitted,

*/s/ Corban S. Rhodes*

**DiCELLO LEVITT LLP**
Corban S. Rhodes (NY-4559183)
485 Lexington Ave, Suite 1001
New York, NY 10017
Tel.: (312) 214-7900
crhodes@dicellolevitt.com

Brian O. O'Mara (229737)
Steven M. Jodlowski (239074)
4747 Executive Drive, Suite 240
San Diego, CA 92121
Tel.: (312) 214-7900
briano@dicellolevitt.com
stevenj@dicellolevitt.com

Amy E. Keller (IL-6296902, MI-P74015)
Nada Djordjevic (IL-6277380)
Madeline E. Hills (IL-6345829,
MO-76029, WI-1122794)
Ten North Dearborn St., Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
ndjordjevic@dicellolevitt.com
mhills@dicellolevitt.com

*Counsel for Plaintiffs A.C and C.C., by and
through their parent Andrew Cook, and
the Proposed Class*